as a slave, without subjoining the words, for life.    In other particulars, the registry was strictly formal.

*Per cur.*    The word *slave*, in its common acceptation, signifies *ex vi termini*, a perpetual servant ; and it will be found, that it is used in this sense in the 3d 4th, and 5th sections of the act "for the gradual abolition of slavery." 1 Dall. Laws 839.    Thus in the 4th section, the words are *a servant for years, or life or a slave;* in the 2d section, *servants for life or slaves, slavery of children* in consequence of the *slavery of their mothers*, &c. are used ; and in the 5th section, the words are, *negro or mulatto slave, or servant for life, or till the age of* 31 *years*, &c.    The registry is clearly good, and the negro must be remanded to her master.

Cited in 15 S. & R. 37.    Obsolete.

# Thomas Hastings and Elizabeth his wife *against* Joseph Crunckleton, James Flack and Mary his wife, Moses Cunningham and Sarah his wife, Robert M'Cutchen and Elizabeth his wife, Samuel M'Cutchen and Margaret his wife, and Susannah Crunckleton.

Tenant in dower may clear woodland assigned to her in dower, provided she does not exceed a just proportion of the whole tract.

DOWER of lands in Antrim township.

John Crunckleton devised to his wife Elizabeth, one of the demandants, the sum of 18l. annually during her life, and certain specific articles and privileges in the house, in lieu of her dower.    The widow, after his death, elected to take her thirds at common law, and afterwards brought dower and recovered.    Her thirds were assigned to her, and on her taking possession, she cut down timber and cleared lands, part of what was allotted to her.    The proceedings were afterwards reversed in the Supreme Court, for error.

The counsel for the tenants insisted, that by cutting down timber and clearing lands, the widow had committed waste, and forfeited her interest in the lands.  Co. Lit. 53, a. b. 54, a.

*262]    *But the court said, there was a material difference between the local circumstances of this state and of Great Britain.    It would be an outrage on common sense to suppose, that what would be deemed waste in England, could receive that appellation here.    Lands in general with us are enhanced by being cleared, provided a proper proportion of woodland is preserved for the maintenance of the place.    If the tenant in dower clears part of the lands assigned to her, and does not exceed the

[Kimmel *v.* Lichty.]

relative proportion of cleared land, considered as to the whole tract, she cannot be said to have committed waste thereby.

Verdict for the demandants.

Mr. Bowie, for the demandants.

Mr. Hamilton, for the tenants.

Referred to in 56 Pa. 129 and 110 Pa. 477.

In Lyman's Appeal, 31 Pa. 44, it is said that the privileges of a life tenant are much greater under the law of Pennsylvania than those recognized by the common law of England. If the tenant exceeds his rights, the act of April 10, 1848, gives the remainder man a writ of estrepement.