Per Curiam.

By an immediate estate of inheritance, as the terms are used in the authorities cited, we understand a reversion without any estate for life intervening ; and in this sense a mortgagee may have such an immediate estate. It is well settled that the mortgagee has the whole estate against all but the mortgager, in the same manner as if it were absolute. The case from 15 Johns. R. 205, does not touch this question ; and if it did, it could not govern here, since the law of mortgage in New York is so different from our own. It was held in that case, that the mortgagee was not entitled to an action of waste against the mortgager before the forfeiture of the mortgage. Here there is no connexion between the defendant and the mortgager. The reporter howeve1’ has added a note, that *205 an injunction lies against a mortgager to stay waste ; and if so* the mortgagee should seem to be entitled to damages against him if waste were actually committed.[1] But it is not necessary to decide that question.
It is clear that a tenant for life is bound to see that trespassers do not injure the estate, and for this purpose the law gives him an action of trespass.[2] So that whether waste is committed by himself or by a stranger, he is alike answerable to the reversioner.[3]

Judgment according to verdict.

 Powell on Mortg. (Rand’s ed.) 17 b.

 1 Chitty’s Pl. (6th Amer. ed.) 72; and the immediate reversioner may at the same time support an action on the case against the stranger, if the injury is sufficient to prejudice his right and interest; Baxter v. Taylor, 1 Neville & Man. 13; and a recovery hy one will he no bar to an action by the other. Jesser v. Gifford, 4 Burr. 2141; Queen’s College v. Hallett, 14 East, 489; Jackson v. Pesked, 1 Maule & Selw. 234; Randall v. Cleaveland, 6 Connect. R. 329. It would seem from this, that an action against the trespasser is given to the tenant rather on account of the immediate injury done to his own possession, than because of any injury done to the reversionary estate, or because he is liable to the reversioner for the waste committed.

 Actions on the case in the nature of waste, are said in Greene v. Cole, 2 Wms’s Saund. 252 a, note 7, and in 3 Bl. Comm. 227, note 7, to have become the most usual actions as well for.permissive as for voluntary waste. For it is held that the statute of Gloucester (6 Edw. 1, c. 5,) extends an action on the case to permissive as well as to voluntary waste. 2 Inst. 145; Co. Lit. 53 a; 2 Roll. Abr. 816; Pomfret v. Ricroft, 1 Wms’s Saund. 323 i, note 7. Though this doctrine seems not to have been countenanced in its full extent by later decisions, so far at least as tenants coming in by the act of the parties are affected. See Gibson v. Wells, 4 Bos. & Pul. 290; Herne v. Bembow, 4 Taunt. 764; Jones v. Hill, 7 Taunt. 392; Countess of Shrewsbury’s case, 5 Co. 14; 3 Bl. Comm. 228, note 9; per Ld. Tenterden, 5 Barn. & Cressw. 603; Hawkins v. Sherman, 3 Carr. & Payne, 462. This action furnishes a more expeditious and easy remedy than the action of waste. By it, however, nothing is recovered excepting damages for the injury done, and costs of suit; Greene v. Cole, ubi supra; 3 Bl. Comm. 227, note 7; Jefferson v. Jefferson, 3 Lev. 130; Jesser v. Gifford, 4 Burr. 2141; which last could not be recovered in an action of waste. 2 Wms’s Saund. 252, 252 a, note 7. But costs in an action of waste are recoverable in New York, by statute. 2 Rev. Stat. of N. Y. 334, 613, § 3. So they are recoverable in this action in Massachusetts. Padelford v. Padelford, 7 Pick. 155.
In some of the States the law of waste has been considerably modified, and the English doctrines respecting it have been regarded as inapplicable to the condition of this country. See Findlay v. Smith, 6 Munf. 134; Jackson v. Brownson, 7 Johns. R. 227; Hastings v. Crunckleton, 3 Yeates, 261; Jackson v. Andrew, 18 Johns. R. 431; Loomis v. Wilbur, 5 Mason, 13; Couch v. Pur-year, 1 Randolph, 258; Jackson v. Sellick, 8 Johns. R. 262; Ballentine v. Payner, 2 Hayw. 110; Parkins v. Cox, 2 Hayw. 339; Elliott v. Smith, 2 N. Hamp. R, 430; Moore v. Ellsworth, 3 Connect. R. 483.
In Massachusetts, however, the doctrines of waste have been maintained in much of their ancient rigor. Sackett v. Sackett, 5 Pick. 191; Sargent v. Towne, 10 Mass. R. 303; Webb v. Townsend, 1 Pick. 21; Sackett v. Sackett, 8 Pick. 309. This subject is now regulated by the Revised Statutes, so that nothing is recoverable in any case by this action, except the place wasted and single damages and costs. Revised Stat. c. 105, § 1. As to tenants in dower, see Revised Stat. c. 60, § 15.
For instances of what is to be considered waste in this country, see Loomis v. Wilbur, 5 Mason, 13; Padelford v. Padelford, 7 Pick. 152; Conner v. Shepherd, 15 Mass. R. 164; White v. Willis, 7 Pick. 143; Webb v. Townsend, 1 Pick. 21; Sargent v. Towne, 10 Mass. R. 303; Coates v. Cheever, 1 Cowen, 460.