## ALPHEUS FAY *versus* JOEL BREWER.

Where a mortgagee of a reversion of an estate in dower entered after condition broken, but not before, it was held that he might maintain an action against the tenant for life for waste committed before the breach of the condition.

A tenant for life is answerable for waste committed by a trespasser.

THIS was an action on the case in the nature of waste, for cutting down trees on land assigned to the wife of the defendant as her dower in the estate of her former husband Nathan Newton. The cause was tried before the chief justice.

The plaintiff, through several mesne conveyances from the heirs of Newton, held the reversionary interest in the land by deed of mortgage, made on the 17th of June, 1815, to secure the payment of a sum of money on or before the 17th of June, 1816. He was put in possession in May 1823, by virtue of a writ of *habere facias* issued on a judgment recovered in a suit on the mortgage, having never before entered under the mortgage, and this action was commenced in August following. The acts complained of were done before the plaintiff was so put in possession.

The defendant objected that this action could not be maintained by a mortgagee, until after a foreclosure, or until after an entry for condition broken, or at least not without an entry under the mortgage and actual possession ; nor in either case for acts done before possession taken ; but the objection was overruled.

The defendant offered to prove that the trees were cut down by other persons, mere trespassers, without his consent or knowledge ; but the evidence was rejected.

A verdict was returned for the plaintiff, subject to the opinion of the Court in regard to the foregoing determinations.

*E. H. Mills* and *J. Davis* for the defendant. 1. Waste *Oct. 6th* will lie only for one who has the immediate estate and inheritance in reversion ; Bac. Abr. *Waste, G ;* Com. Dig. *Waste, C,* 2, 3 ; 3 Bl. Com. 225 ; and such estate must not be contingent or defeasible, like that of a mortgagee. *Peterson* v. *204* *Clark,* 15 Johns. R. 205. The waste here was done before

the condition was forfeited; that, however, is immaterial, since after a forfeiture the estate of the mortgagee remains contingent. The reversion must continue in the same state when the action is brought, that it was when the waste was committed; otherwise the action cannot be maintained. Co. Lit. 53 *b*; Bac. Abr. *Waste*, *G*. The mortgager has an estate of inheritance, and for waste committed before an entry under the mortgage he remedy should seem rather to belong to him; for before such entry the rights of the mortgagee are limited. *Wilder* v. *Houghton*, 1 Pick. 87; *Hatch* v. *Dwight*, 17 Mass. R. 289, *Starr* v. *Jackson*, 11 Mass. R. 519; *Elliot* v. *Smith*, 2 N. Hamp. R. 432.[1]

2. The evidence excluded should have been admitted. It would be a great hardship on the defendant to make him liable for waste committed by mere strangers without his knowledge.

*S. Hoar* and *W. Draper*, *contrà*, cited to the first point, *Penniman* v. *Hollis*, 13 Mass. R. 431; *Erskine* v. *Townsend*, 2 Mass. R. 495; *Parsons* v. *Wells*, 17 Mass. R. 419; *Starr* v. *Jackson*, 11 Mass. R. 519; 2 Wms's Saund. 252 *c*; *Brady* v. *Waldron*, 2 Johns. Ch. R. 148; — to the second point, Bac. Abr. *Waste*, *G*, 1; Co. Lit. 54 *a*; *Bray* v *Tracy*, Cro. Jac. 688.

*Per Curiam.* By an immediate estate of inheritance, as the terms are used in the authorities cited, we understand a reversion without any estate for life intervening; and in this sense a mortgagee may have such an immediate estate. It is well settled that the mortgagee has the whole estate against all but the mortgager, in the same manner as if it were absolute. The case from 15 Johns. R. 205, does not touch this question; and if it did, it could not govern here, since the law of mortgage in New York is so different from our own. It was held in that case, that the mortgagee was not entitled to an action of waste against the mortgager before the forfeiture of the mortgage. Here there is no connexion between the defendant and the mortgager. The reporter however has added a note, that

---

[1] *Boston Bank* v. *Reed*, 8 Pick. 459. See *Atkinson* v. *Burt*, 1 Aiken's (Verm.) R. 329; *Pope* v. *Biggs*, 9 Barn & Cressw. 245; 4 Kent's Comm 149; Powell on Mortg. (Rand's ed.) 177 946

an injunction lies against a mortgager to stay waste ; and if so, the mortgagee should seem to be entitled to damages against him if waste were actually committed.[1] But it is not necessary to decide that question.

It is clear that a tenant for life is bound to see that trespassers do not injure the estate, and for this purpose the law gives him an action of trespass.[2] So that whether waste is committed by himself or by a stranger, he is alike answerable to the reversioner.[3]

*Judgment according to verdict.*

---

[1] Powell on Mortg. (Rand's ed.) 17 *b.*

[2] 1 Chitty's Pl. (6th Amer. ed.) 72; and the *immediate* reversioner may at the same time support an action on the case against the stranger, if the injury is sufficient to prejudice his right and interest; *Baxter* v. *Taylor*, 1 Neville & Man. 13 ; and a recovery by one will be no bar to an action by the other. *Jesser* v. *Gifford*, 4 Burr. 2141; *Queen's College* v. *Hallett*, 14 East, 489 ; *Jackson* v. *Pesked*, 1 Maule & Selw. 234 ; *Randall* v. *Cleaveland*, 6 Connect. R. 329. It would seem from this, that an action against the trespasser is given to the tenant rather on account of the immediate injury done to his own possession, than because of any injury done to the reversionary estate, or because he is liable to the reversioner for the waste committed.

[3] Actions on the case in the nature of waste, are said in *Greene* v. *Cole*, 2 Wms's Saund. 252 *a*, note 7, and in 3 Bl. Comm. 227, note 7, to have become the most usual actions as well for permissive as for voluntary waste. For it is held that the statute of *Gloucester* (6 *Edw.* 1, *c.* 5,) extends an action on the case to permissive as well as to voluntary waste. 2 Inst. 145; Co. Lit. 53 *a;* 2 Roll. Abr. 816 ; *Pomfret* v. *Ricroft*, 1 Wms's Saund. 323 *b*, note 7. Though this doctrine seems not to have been countenanced in its full extent by later decisions, so far at least as tenants coming in by the act of the parties are affected. See *Gibson* v. *Wells*, 4 Bos. & Pul. 290 ; *Herne* v. *Bembow*, 4 Taunt. 764 ; *Jones* v. *Hill*, 7 Taunt. 392; *Countess of Shrewsbury's case*, 5 Co. 14 ; 3 Bl. Comm. 228, note 9 ; per Ld. *Tenterden*, 5 Barn. & Cressw. 603 ; *Hawkins* v. *Sherman*, 3 Carr. & Payne, 462. This action furnishes a more expeditious and easy remedy than the action of waste. By it, however, nothing is recovered excepting damages for the injury done, and costs of suit; *Greene* v. *Cole, ubi supra;* 3 Bl. Comm. 227, note 7 ; *Jefferson* v. *Jefferson*, 3 Lev. 130; *Jesser* v. *Gifford*, 4 Burr. 2141 ; which last could not be recovered in an action of waste. 2 Wms's Saund. 252, 252 *a*, note 7. But costs in an action of waste are recoverable in New York, by statute. 2 Rev. Stat. of N. Y. 334, 613, § 3. So they are recoverable in this action in Massachusetts. *Padelford* v. *Padelford*, 7 Pick. 155.

In some of the States the law of waste has been considerably modified, and the English doctrines respecting it have been regarded as inapplicable to the condition of this country. See *Findlay* v. *Smith*, 6 Munf. 134 ; *Jackson* v. *Brownson*, 7 Johns. R. 227; *Hastings* v. *Crunckleton*, 3 Yeates, 261 ; *Jackson* v. *Andrew*, 18 Johns. R. 431; *Loomis* v. *Wilbur*, 5 Mason, 13 ; *Couch* v. *Pur-*

---

*year,* 1 Randolph, 258; *Jackson* v. *Sellick,* 8 Johns. R. 262; *Ballentine* v. *Payner,* 2 Hayw. 110; *Parkins* v. *Cox,* 2 Hayw. 339; *Elliott* v. *Smith,* 2 N Hamp. R. 430; *Moore* v. *Ellsworth,* 3 Connect. R. 483.

In Massachusetts, however, the doctrines of waste have been maintained in much of their ancient rigor. *Sackett* v. *Sackett,* 5 Pick. 191; *Sargent* v. *Towne,* 10 Mass. R. 303; *Webb* v. *Townsend,* 1 Pick. 21; *Sackett* v. *Sackett,* 8 Pick. 309. This subject is now regulated by the Revised Statutes, so that nothing is recoverable in any case by this action, except the place wasted and single damages and costs. Revised Stat. *c.* 105, § 1. As to tenants in dow er, see Revised Stat. *c.* 60, § 15.

For instances of what is to be considered waste in this country, see *Loomis* v. *Wilbur,* 5 Mason, 13; *Padelford* v. *Padelford,* 7 Pick. 152; *Conner* v. *Shepherd,* 15 Mass. R. 164; *White* v. *Willis,* 7 Pick. 143; *Webb* v. *Townsend* 1 Pick. 21; *Sargent* v. *Towne,* 10 Mass. R. 303; *Coates* v. *Cheever,* 1 Cowen 460.