Barry vs. Schmidt.

BARRY vs. SCHMIDT.

*February 3 — February 20, 1883.*

AGENCY. *(1) Acting for both parties to a sale.*
FINDINGS OF FACT. *(2) Failure to find on particular issue: waiver.*

1. An agent employed to sell lands at a fixed price who, after finding a purchaser at that price, acts, with the knowledge of the vendor, as the agent of such purchaser in signing his name to the contract of sale, is entitled, nevertheless, to recover from the vendor the agreed commission on the sale.

2. A party who does not request the court to find upon a particular issue and who makes no objection, at the time, to the failure of the court to find thereon, waives thereby all objection to the deficiency of the findings in that respect.

APPEAL from the Circuit Court for *Trempealeau* County. Action to recover the sum of $100 which it is alleged the defendant agreed to pay to the plaintiff for his services in selling her land. The answer, in addition to a general denial, alleged that in the matter of the sale of the land the plaintiff had been employed as the agent of the purchaser. A jury having been waived the cause was tried by the court. At the close of the plaintiff's testimony a motion for a nonsuit was denied. The evidence and the findings of fact sufficiently appear from the opinion. The defendant appealed from a judgment in favor of the plaintiff.

The cause was submitted for the appellant on the brief of *O. J. Allen,* and for the respondent on that of *E. Q. Nye.*

ORTON, J. The first error assigned is that the circuit court refused to order a nonsuit on the case made by the plaintiff.

On behalf of the plaintiff it was substantially proved that he was employed by the defendant to find a purchaser for her land at the price of $1,500, for which service she agreed to pay him the sum of $100; that the plaintiff, on behalf of the defendant, proposed to sell the land to one Thomas Troog for that sum, and that Troog looked at the land, accepted the proposition, and authorized the plaintiff to sign the contract for him on such purchase, and that he did so sign the name of Troog to the contract in the presence of the defendant, and Troog afterwards paid up for the land at that price, and received a deed therefor from the defendant. It is contended by the learned counsel of the appellant that this evidence placed the plaintiff in the inconsistent attitude of agent for both the defendant as the seller, and Troog as the purchaser, of the land, and that he can, therefore, recover from neither for his services. It is perfectly well settled by the decisions of this court, as well as by the current of authority elsewhere, that the same person cannot be employed by the seller and purchaser of the same land, by the first to sell and by the other to purchase, where their interests in the services of such person are in any respect adverse or antagonistic, or where his will, discretion, or judgment is to be, or may be, used adversely to both, and recover for his services from either. *Meyer v. Hanchett*, 39 Wis., 419; *S. C.*, 43 Wis., 246.

This principle is not controverted by the learned counsel of the respondent, but his contention is that this case, so far as made by the evidence, falls within the exception equally well established by the authorities, that the agent may be employed by and recover from both parties as a mere "middle-man" to bring them together, and when he has nothing to do in fixing the terms of the bargain, as in *Herman v. Martineau*, 1 Wis., 151, or that the agent may be

employed by the seller to find a purchaser at $15 per acre for a commission of five per cent., and may recover such commission if he bring the parties together and the sale is consummated by them either at that price or less, even though the agent himself becomes interested in the purchase with the knowledge of the seller, as in *Stewart v. Mather*, 32 Wis., 344. Chief Justice Dixon says in his opinion in that case: " A broker whose undertaking merely is to find a purchaser at a price fixed by the seller, or at a price which shall be satisfactory to the seller when he and the purchaser meet, is in reality only a 'middle-man,' whose duty is performed when the buyer and seller are brought together, and as to whom the policy of the law which excludes double compensation has been considered inapplicable; " and cites *Mullen v. Keetzleb*, 7 Bush, 253; *Rupp v. Sampson*, 16 Gray, 398; and also *Herman v. Martineau, supra.*

The general principle and the exception are well established, both by reason and authority. When an agent is thus employed by one party to sell and by the other to purchase, and is vested with any discretion or judgment in the negotiation, his duties are in conflict and in respect to adverse interests, and he cannot fairly serve both parties. In such case it is his duty to obtain the best possible price for the seller, and the lowest possible terms for the buyer. If the contract to employ and pay a compensation by either party is made with the knowledge and assent of the agent's employment by the other party in the same transaction, of course he cannot complain, and should be held to pay the compensation agreed upon; but when otherwise it is a fraud upon the party, and he is exempt from liability to the agent. This adverse interest of the parties, and this conflicting and inconsistent duty of the agent, lie at the bottom of this principle, and the exception is founded upon the absence of this adverse interest of the parties, and upon the concurrence of the duty of the agent towards both parties alike; as

where the price is fixed by the seller, and merely accepted by the purchaser through the procurement of the agent, or where no terms are fixed by the seller or authorized by him to be fixed by the agent, and the agent acts as the mere middle-man to bring the parties together for a negotiation and contract to be made by themselves. Tested by these rules, the case made by the plaintiff clearly falls within this exception. The price was fixed by the defendant, and the plaintiff procured the purchaser, Troog, to accept these terms. It is not shown that he had anything to do with the negotiation any further than this. It did not even appear that Troog employed the plaintiff to purchase for him on these terms, but only that he should sign his name to the contract in his absence, which he did in the presence of the defendant, after Troog had personally accepted the terms proposed, after inspection of the land. The circuit court, therefore, properly refused to direct a nonsuit.

The second error complained of in order is that the findings are indefinite and uncertain, and do not warrant the judgment.

The findings are that the defendant is a married woman, and that the contract of employment of the plaintiff concerned her separate property, and that she authorized the plaintiff to sell for her the land for $1,500, for which service the defendant promised to pay him $100, and that the plaintiff did so sell the land and has never been paid. There can be no question but that these findings warrant the judgment. The contention on this point is virtually that the circuit court improperly failed to find that the plaintiff was employed by the purchaser Troog to make this purchase for him, and that afterwards he accepted the employment of the defendant to sell the land for the sum of $1,500, without her knowledge of such previous employment by Troog, and that, therefore, the plaintiff was interested in inducing the defendant to take less for the property than she otherwise

would, in order to favor the party who first employed him to buy the land. If it were true that the plaintiff was first employed by Troog to buy this land for him on the best possible terms, and he afterwards, without informing her of this employment, and without her knowledge thereof, accepted employment by the defendant to sell the land, and induced her to consent to take less for the land than she otherwise would have exacted, then we are not prepared to say that this contract of employment would not come within the principle of adverse and inconsistent employment of the agent by both parties.

There may have been some testimony tending to such a conclusion, but the finding is silent as to any such issue of fact, and there was no request on the part of the defendant that the court should find on such issue, and there was no objection made or exception taken at the time to the failure or omission so to find, and therefore such deficiency of the findings was waived. The rule in such case is properly laid down by Mr. Justice TAYLOR in *Wrigglesworth v. Wrigglesworth*, 45 Wis., 255, as follows: " If the defendant desired that there should have been any particular finding of fact he should have called the attention of the court to the matter of fact upon which he desired a separate finding, and when the court found upon the facts so pointed out should have taken an exception if the finding was not satisfactory." Such is the rule, also, as to the special verdict of a jury. *Schultz v. C., M. & St. P. Railway Co.*, 48 Wis., 375. The plaintiff in his testimony denied that he was employed by Troog to make the purchase for him. It was therefore a disputed question, upon which the court must be presumed to have found in favor of the plaintiff, and this court would not be warranted in finding otherwise. As the case is presented to this court on the record, there appears to have been no error in the rulings of the circuit court.

*By the Court.*—The judgment of the circuit court is affirmed.