### WILKINSON and others vs. WILKINSON.

*January 31 — February 19, 1884.*

*(1-3) Findings of fact: what to contain: Reversal of judgment.  (4) Cutting timber when not waste.  (5) Amendment of pleading: discretion.*

1. Facts which are admitted in the pleadings need not be included in the findings.
2. If a more specific finding, or a finding upon a particular point, is not requested, its omission is not error.
3. If, in an equity case, the evidence supports the judgment, no defect in the findings will work a reversal.
4. It is not waste for a life tenant to cut timber so as to fit the land for cultivation or pasture, provided this does not damage or diminish the value of the inheritance, and is conformable to the rules of good husbandry; and this is so even where the timber is sold or consumed off the premises.
5. In an action for waste by cutting timber, it is *held* not to have been an abuse of discretion to refuse to permit the complaint to be amended at the trial so as to allege nonpayment of taxes as a ground of waste.

APPEAL from the Circuit Court for *Grant* County.

This is an action by children and grandchildren of John Wilkinson, deceased, who are also the residuary devisees named in his will, to restrain the widow of said deceased from committing waste upon the homestead occupied by her as such widow, by cutting and selling timber therefrom; and to recover damages for the timber already cut. The complaint alleged, among other things, in effect, that the land

where the timber was so cut was unfit for agricultural purposes, and only fit to grow timber, and that the defendant had cut and sold posts therefrom to the value of $70, and was continuing such acts of waste. The cutting was alleged to have commenced January 1, 1882, and a temporary injunction was issued February 8, 1882.

The answer admitted the cutting of posts to the value of $35, and alleged, in effect, that there was only fourteen acres of the land that was then plow land, and that the rest thereof was pasture and timber; that there was more timber than was needed or profitable; that the timber she had and proposed to cut was scrubby, mostly burr oaks, making only one cut of posts to the tree, cumbering the ground, and that the cutting of the same, except a few left for shade trees, which she intended and intends so to leave, would be, and was, an advantage to the land and an increase to its value, by giving the grass a better chance to grow and making better pasture; that where the trees were being cut off, the land was well adapted for pasture, and was equally valuable as such as tillable land; that prudent and economical farmers on adjacent and adjoining lands were giving away equally good and better timber to those who would take it off; that she was not committing or suffering any waste, but simply making the land more valuable.

Upon the trial the plaintiffs offered in evidence, among other things, three tax certificates to show nonpayment by the widow of the taxes upon the land, and asked leave to amend the complaint so as to make such evidence admissible. The court refused to permit the amendment. The view taken by this court of the evidence will sufficiently appear from the opinion.

The court found, in effect, that the acts complained of and alleged to be waste, so far as proven, were not inconsistent with the accomplishment of the defendant's avowed purpose and intention of clearing off and benefiting the land;

that if the lands and premises were entirely cleared off, they would be equally valuable for the remainder-man as if the timber were left to grow; that the defendant holds and occupies the lands and premises as the homestead of herself and her deceased husband, the father and ancestor of the plaintiffs; that she holds and occupies fifty-seven acres of other lands adjoining the same, and forty acres of available timber land not adjoining the same, which other lands had been apportioned and set off to her as her dower interest in the lands of her said deceased husband; that there was an abundance of timber neither cut nor threatened to be cut by the defendant to furnish the homestead with posts and fire-wood in the future. As conclusions of law the court found that the defendant had not been proven guilty of waste, and that the complaint should be dismissed upon the merits.

From the judgment entered accordingly the plaintiff appealed.

For the appellants there was a brief by *Carter & Cleary,* and oral argument by *Mr. Carter.* They contended, *inter alia,* that a tenant for life may not cut timber, as was done here, simply for the sake of the money it will bring. 1 Washb. on R. P. (3d ed.), 116, 128; *White v. Cutler,* 17 Pick., 248; *Padelford v. Padelford,* 7 id., 152; *Sarles v. Sarles,* 3 Sandf. Ch., 601; *Jackson v. Brownson,* 7 Johns., 227; *Livingston v. Reynolds,* 26 Wend., 115; *S. C.,* 2 Hill, 157; *McGregor v. Brown,* 10 N. Y., 114; *Robinson v. Kime,* 70 id., 147; *Van Deusen v. Young,* 29 id., 9.

For the respondent there was a brief by *Bushnell & Watkins,* and oral argument by *Mr. Bushnell.*

CASSODAY, J. 1. It is strongly intimated, if not claimed, that the findings are insufficient to support the judgment. The cutting of the timber, and the selling of the posts, are admitted, to a certain extent, in the answer, and hence no

findings upon those questions were necessary. *Catlin v. Henton*, 9 Wis., 476; *Hawkes v. Dodge Co. Mut. Ins. Co.*, 11 Wis., 188; *Downer v. Sexton*, 17 Wis., 29. Besides, if the plaintiff desired a finding upon a particular point, or a more specific one, he should have requested it, and its omission without such request is not error. *Barry v. Schmidt*, 57 Wis., 172. This is a case in equity. Each member of the court has carefully examined the evidence, and all are of the opinion that it is sufficient to support the judgment. This being so, no want or defect in the findings would be ground for reversal. *Willer v. Bergenthal*, 50 Wis., 474; *Sanford v. McCready*, 28 Wis., 103.

2. The lands in question were not disposed of by the testator's will. In some of the states the widow is not dowable of land in a wild state, unconnected with any cultivated farm or occupied land. *Conner v. Shepherd*, 15 Mass., 164; *White v. Cutler*, 17 Pick., 248; *Clark v. Holden*, 7 Gray, 8; *Johnson v. Perley*, 2 N. H., 56; *Chase v. Hazelton*, 7 N. H., 171; *Dickinson v. Jones*, 36 Ga., 97. In our state the widow of every deceased person is entitled to a dower, or use for her natural life, of one third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage, unless she is lawfully barred thereof, etc. Sec. 2159, R. S. As the deceased left a widow and issue, his homestead descended to his widow during her widowhood, and upon her marriage or death, to his heirs. Sec. 2271, R. S. / For the purposes of this case, the widow may be regarded as the life tenant of the lands in question. In some states where wild land is connected with and included in the lands assigned to the widow as dower, she is only entitled to cut such wood and timber as may be necessary for the supply of the dower estate, to be actually used and consumed thereon, or for purposes connected with the proper occupation and enjoyment thereof. *White v. Willis*, 7 Pick., 143; *White v. Cutler, supra; Miller v. Shields*, 55

Ind., 71; *Cannon v. Barry*, 59 Miss., 289; *Parkins v. Coxe*, 2 Hayw., 339. It has been substantially held in many states, and we are inclined to hold the rule to be substantially correct, that it is not waste for the life tenant to cut down wood or timber, so as to fit the land for cultivation or pasture, provided this does not damage or diminish the value of the inheritance, and is conformable to the rules of good husbandry; and this is so, even where the wood or timber so cut is sold, used, or consumed off the premises. *Keeler v. Eustman*, 11 Vt., 293; *Alexander v. Fisher*, 7 Ala. (N. S.), 514; *Hastings v. Crunckleton*, 3 Yeates, 261; *Givens v. Mc-Calmont*, 4 Watts, 460; *Williard v. Williard*, 56 Pa. St., 119; *Drown v. Smith*, 52 Me., 141; *Davis v. Gilliam*, 5 Ired. Eq., 308; *Owen v. Hyde*, 6 Yerg., 334; *Findlay v. Smith*, 6 Munf., 148; *Appeal of Campbell*, 2 Doug. (Mich.), 141; *Jackson v. Brownson*, 7 Johns., 227; *Van Deusen v. Young*, 29 N. Y., 30; *Allen v. McCoy*, 8 Ohio, 418; *Crockett v. Crockett*, 2 Ohio St., 180; *Schnebly v. Schnebly*, 26 Ill., 116. In some of these cases the question of waste depended somewhat on the proportion of woodland to the cultivated land. *Owen v. Hyde, supra; Findlay v. Smith, supra; Drown v. Smith, supra; Hastings v. Crunckleton, supra.* So it has been held that she may cut and sell timber sufficient to raise the amount of money necessary to pay the taxes already due upon the land. *Crockett v. Crockett, supra.*

Counsel concede that the widow had the right to cut timber from the land, if she had done so with the *bona fide* purpose of clearing off the same for cultivation or pasture, in case it was fitted for that purpose, and such use of it would be for the best interest of the remainder-man as well as the life tenant; but claims that she had no right to cut the same merely for the purpose of selling the posts for the money which they would bring. The defendant testified, in effect (and in that she was corroborated by the person who did the cutting), and her testimony in this respect is not contra--

dicted, that her object in cutting the timber was to clear up and improve the place and make the pasture better, and hence more beneficial to her; that she did not clear it all off as she went along, because she was stopped; that she would have done so if she had not been stopped; that her intention was to thin out the trees, let in the sun, and make the pasture better, and that she so instructed the man who did the cutting. The court found, in effect, such to be her intention. There is evidence to the effect that, had this intention been carried out, it would have improved the use and value of the land, and the court substantially so found. We do not feel warranted in disturbing these findings.

Of course, she had no right to injure or depreciate the value of the inheritance, for that belonged to the remainder-men. *Robinson v. Kime*, 70 N. Y., 151. But the question whether she had so injured or diminished the use and value of the inheritance, was not to be determined by the condition of the property at the precise moment when she was stopped by the injunction, but rather by the condition it would have been in, had she been permitted to carry her manifest purpose into execution. The real question was whether in view of the character and condition of the land, the amount of plow, pasture, and wood land, and all the circumstances, it was good husbandry to make pasture of the land where the timber in question was cut. Upon this question the evidence was conflicting, but we are inclined to think the trial judge was justified in holding as he did. If it was good husbandry to take off the timber so as to improve the land for pasture, then the remainder-men are in no condition to complain because she sold $35 or $50 worth of posts, instead of burning up all that was cut from the land.

3. The tax certificates were properly excluded under the pleadings. We cannot hold that it was an abuse of discretion to disallow an amendment to the complaint, so as to allege nonpayment of taxes as a ground of waste. Assum-

ing that such cause of action existed, yet it was a separate and independent cause of action, and the plaintiffs still have their remedy.

*By the Court.*— The judgment of the circuit court is affirmed.