WILLIAMS, Respondent, vs. THE STEVENS POINT LUMBER COMPANY, Appellant.

*October 10 — November 8, 1888.*

*(1) Appeal to S. C.; Omission to make findings of fact. (2) Sale of chattels: Parol evidence to explain contract. (3) Corporations: Contracts made before organization: Estoppel: Admission in pleading.*

1. If the trial court was not requested to make specific findings of fact, its omission to do so will not, of itself, work a reversal of the judgment.

2. The purchaser of specific piles of lumber, who has received the

identical property purchased, cannot show by parol that, by local usage, the word "lumber" in the bill of sale meant pine lumber only.

3. Where, in an action against a corporation for the purchase price of chattels, the defendant admits, in a counterclaim, that it purchased the chattels and entered into a written agreement in respect thereto, it is bound by such admission and cannot afterwards be heard to allege that it was not organized as a corporation when such agreement was executed.

APPEAL from the Circuit Court for *Portage* County.

Action to recover a balance alleged to be due the plaintiff for lumber sold to the defendant. The answer, after a general denial, alleges, by way of counterclaim, that the defendant purchased only the *pine* lumber contained in the piles described in the complaint; that in drawing the agreement or bill of sale the statement that such lumber was pine lumber and that the defendant was to take only such pine lumber, was, by mistake or inadvertence, omitted to be inserted therein; and that there was, in fact, mixed in said piles of lumber a quantity of hemlock lumber, which is included in the lumber mentioned in the complaint. Judgment is asked for the reformation of the agreement. The plaintiff denied the allegations of the counterclaim.

A trial, by the court, of the issue raised by the counterclaim and reply resulted in a general finding against the defendant. Upon the trial of the issue raised by the complaint and the general denial contained in the answer, there was a verdict in favor of the plaintiff for $612.55. From the judgment entered accordingly the defendant appealed.

For the appellant the cause was submitted on the brief of *James O. Raymond.*

For the respondent there was a brief by *Cate, Jones & Sanborn,* and oral argument by *D. Lloyd Jones.*

COLE, C. J. Upon the trial of the equitable issue to reform the contract because there had been omitted there-

from, by mistake, certain words, the circuit court made no specific finding of fact, but merely found the issue against the defendant. It is now objected that the court should have filed its decision in writing upon that issue, stating separately the facts found and its conclusions of law thereon. It does not appear that the attention of the court was called to this matter on the trial, or that the court was asked to make a finding of facts. Such being the case, it follows that the omission to make a proper finding constitutes no ground for reversing the judgment. The court, at least, should have been requested to make a separate finding of facts, and, on refusal, an exception taken, to make the objection available here. And whether the judgment would be reversed for the want of or on account of an insufficient finding is a point not determined, and it is not necessary to decide it here. See the cases referred to by Mr. Justice TAYLOR in *Wrigglesworth v. Wrigglesworth*, 45 Wis. 255, on this question of practice.

The defendant made various offers to prove that by custom or the usages of trade where the contract was made the word "lumber," as used in the contract sued upon, had a restricted signification, and meant only pine lumber. The court excluded this evidence, and that ruling is assigned for error. In this case we are not called upon to decide whether or not it was competent to prove that the word "lumber" meant a particular kind of lumber. The word is of doubtful or indefinite signification, and includes any timber sawed or split for use. See Webst. Dict. It certainly would include hemlock or hardwood lumber as well as pine. It is possible that extrinsic evidence would be admissible to explain its meaning as used in the contract. Of course, the contract could not be contradicted or varied by parol proof; but such evidence may be received to explain the sense in which a word of equivocal meaning is used in a contract. *Ganson v. Madigan*, 15 Wis. 144. There

was a quantity of hemlock in the piles which the defendant purchased, and its contention is that this should be deducted from the amount because the word "lumber" meant, in the locality, a particular kind of lumber, and only applied to pine lumber. But whether the word is so indefinite or ambiguous in its signification that parol evidence, in a proper case, would be received to explain its meaning and the sense in which it was used in the contract, is a question which we are relieved from deciding in this case; for we are satisfied from all the evidence that the defendant purchased specific piles of lumber, and it received the identical property it bought. By the bill of sale it is stated that the defendant —

"Bought of *B. Williams*, of Wausau, July 7, 1885:

| | | | |
|---|---|---|---:|
| 840,515 ft. mill-run lumber, | at $9 75 | | $8,195 02 |
| 42,820 ft. mill-culls, | at $3 50 | | 149 87 |
| 709¾ M *A* shingles, | at $1 85 | | 1,813 04 |
| 79¼ M shaded A shingles, | at $1 00 | | 79 25 |
| Total | | | $9,737 18 |

"Payment as follows:

| | | |
|---|---:|---:|
| Cash | $6,000 00 | |
| Balance in 60 days, less mill-culls which are to be measured back | 3,737 18 | |
| Total | $9,737 18 | $9,737 18 |

"The above lumber and shingles now in pile in Owen Clark's mill-yard, and as estimated by A. G. Hamacker.

"E. R. HERREN, Secretary.
"W. J. CLIFFORD, President.
"BALSER WILLIAMS."

The lumber was then in piles in the mill-yard, and had been measured by Hamacker. It was this specific lot of lumber that the defendant purchased, and there is no pretense that the hemlock which was in the piles did not answer the general description of lumber; and, as the defendant purchased this specific lot and received what it purchased, we see no reason why it should not stand by its

contract and pay the purchase price. The lumber was in piles where it might have been inspected had the agents of the company seen fit to inspect it, but they chose to rely upon the estimate or statement of Hamacker. It is true it was provided in the contract that mill-culls, above a certain quantity, were "to be measured back," or were to be deducted from the amount; but with this exception it was a purchase and sale of specific piles of lumber without regard to the kind in each pile. This is the fair construction of the bill of sale, as reference to it will show. Now, as the defendant purchased the specific piles of lumber in the mill-yard, and received the identical property which it purchased, there is no ground for the application of the rule relied on, that parol evidence is admissible to explain the meaning of the word "lumber" and the sense in which that word is used in ordinary contracts for the purchase of a quantity of lumber; for here the subject matter of the contract is designated and the particular property described as being the piles in the mill-yard which had been measured or estimated by Hamacker.

It is claimed that the court erred in admitting in evidence the bill of sale as the contract of the defendant. The bill of sale is signed by the officers of the company, but it is said the corporation had no legal existence until after the contract was executed. But in its counterclaim the defendant distinctly admits that it purchased the lumber mentioned in the complaint, and entered into the agreement or bill of sale. The company is bound by this admission in its answer, and cannot be heard to allege that it did not make the contract in question, or was not organized as a corporation when it was executed.

This disposes of all the material questions in the case, and the judgment of the circuit court is affirmed.

*By the Court.*— Judgment affirmed.

See note to this case in 40 N. W. Rep. 154.— REP.