WETZLER, Respondent, vs. DUFFY, Appellant.

*November 8 — November 25, 1890.*

*(1) Vendor and purchaser of land: Destruction of building by fire. (2) Findings of fact: Appeal.*

1. The purchaser of land went into possession thereof under a deed which, by mistake, described other property. A part of the purchase price was paid in cash and the balance secured by mortgage. Before payment of the whole of such balance, a building which had constituted a large part of the value of the premises was destroyed by fire. The purchaser rebuilt, and continued in possession of the premises up to the time of the commencement of an action by the vendor to reform the deed and foreclose the mortgage. *Held*, that although the deed did not describe the land sold, the purchaser was the equitable owner thereof at the time of the fire, and the loss of the building must fall upon him.

2. Where the evidence would clearly have justified the trial court in finding against the defendant upon a counterclaim, the omission to make a separate finding thereon is equivalent to a finding against him, and cannot be alleged as error if there was no request for a specific finding upon that point.

APPEAL from the Circuit Court for *Ashland* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

The facts in this case are substantially as follows: On the 14th of May, 1887, the plaintiff agreed to convey to the said defendant a certain lot of land situate in Ashland county, described as follows: " Commencing at the northwest corner of lot No. one (1), in block No. six (6), of the

village of Hurley, according to the recorded plat thereof; thence east twenty-five (25) feet; thence south ninety (90) feet; thence west twenty-five (25) feet; and thence north ninety (90) feet to the place of beginning,"— for the consideration of $2,500 agreed to be paid by the defendant. On the same day the plaintiff executed a deed of conveyance to the said defendant, which both parties supposed contained a correct description of the property sold to the defendant; but, in fact, the description was imperfect and does not describe the land sold and intended to be conveyed. The description in the deed is as follows: " The following described real estate situated in the county of Ashland and state of Wisconsin,— to wit: commencing at the northwest corner of lot number one (1), in block number six (6), in the village of Hurley, according to the recorded plat thereof; running thence west twenty-five (25) feet; thence south ninety (90) feet; thence east twenty-five (25) feet; thence north ninety (90) feet to the original point of beginning." Said deed was recorded in the proper recorder's office, and on the same day the defendant executed and delivered to the plaintiff a mortgage upon the property sold by the plaintiff to the defendant, in which mortgage the property is correctly described, to secure the payment of $1,000, part of the purchase money.

The complaint alleges the nonpayment of a part of the money due upon the mortgage, and asks judgment, first to correct the description in the deed from the plaintiff to the defendant, and for a judgment to foreclose the said mortgage. The answer admits all the material allegations of the complaint, and further admits that, supposing the plaintiff's deed had conveyed to her the land she purchased, she went into the possession of the same, and paid $300 of the sum secured by said mortgage; that on the 27th day of June, A. D. 1887, a fire broke out in the frame store building situate on said lot, and it was wholly destroyed by fire,

the defendant having no insurance thereon, thereby destroy-
ing the greater part of the value of said lot to the defend-
ant. It is admitted that this frame building was on the
lot when the plaintiff agreed to convey the same to the de-
fendant, and at the time the deed was in fact made and the
mortgage back to the plaintiff given to secure the $1,000,
part of the purchase price. The defendant also alleges in
her answer that, at the time she purchased the lot of the
plaintiff, the building on said lot was insured by the plaint-
iff for the sum of $800, in a reliable insurance company;
and that he agreed to transfer said insurance policy to the
defendant, for the sum of $40, to be paid by the defendant;
and that the plaintiff neglected and refused to transfer said
insurance policy to the defendant, to her damage. The
defendant also alleges a refusal on the part of the plaintiff
to make a good deed of conveyance of the property actually
purchased by her, and sets up, as a counterclaim, a demand
for the money actually paid by her upon such purchase.

The action was tried by the court, and, after hearing the
testimony offered by the respective ·parties, the court de-
cided in favor of the plaintiff and gave judgment reforming
the deed and for a foreclosure of the mortgage. The de-
fendant excepted to the findings of fact and conclusions of
law, and appealed from the judgment.

For the appellant there was a brief by *Cole & O'Keefe*,
and oral argument by *Rublee A. Cole.*

For the respondent the cause was submitted on the brief
of *Sleight & Foster.*

TAYLOR, J. After a careful reading of the testimony, we
think it very clear that the findings of fact are fully sus-
tained by the evidence, and the conclusions of law and the
judgment thereon in favor of the plaintiff are clearly right.

The learned counsel for the defendant contends that the
judgment is erroneous because it clearly appears from the

findings and the evidence that, before the commencement of this action and before a perfect deed had been given by the plaintiff to the defendant for the real estate in dispute, the building situate thereon had been burned; and so the plaintiff could not make a perfect title to the premises sold to the defendant, the house burned being a very material part of the lot sold. He argues that when a party agrees to convey real estate to another for a fixed price, and when a considerable portion of such price is paid for the buildings situate thereon, and such buildings are destroyed by fire without the fault of the purchaser before the title is conveyed to him, he may refuse to take a conveyance, and recover the purchase money already paid; and to this proposition he cites *Thompson v. Gould,* 20 Pick. 134, and *Wells v. Calnan,* 107 Mass. 514. .

We think this case is clearly distinguishable from the cases cited. In those cases the buildings on the premises were destroyed before the time for making the deed had arrived, and it does not appear in the case last cited that the purchaser had taken possession under his contract. In the case at bar, the contract was a sale to be paid for on delivery of a deed, and the deed was to be delivered immediately. A deed was delivered which was supposed to convey the land to the defendant, and she took actual possession as owner thereof, gave back a mortgage to secure part of the purchase money, the other part having been paid in cash. We think it very clear that, when this imperfect deed was given, the purchase price paid, and possession taken of the property intended to be conveyed by the defendant, the whole equitable title, at least, to the land vested in the defendant; and while such equitable title was vested in the defendant the house was destroyed by fire. Upon its destruction the defendant did not seek to avoid her contract, but rebuilt on the lot, and continued .in the actual possession of the same up to the time of the com-

mencement of this action. Under such a state of facts, we think the defendant must be considered the owner of the premises at the time of the fire, and the loss must fall on her.

Whether we would feel bound to follow the decisions of the court of Massachusetts, had the defendant been in possession of the lot under a contract for a deed to be executed at some future time, and before that time had arrived the house had been destroyed by fire without the fault of either party, need not be determined in this case. For all practical purposes the defendant was the owner of the house and lot when the fire occurred, and the Massachusetts cases place their decision upon the ground that the actual owner must stand the loss. In addition to this, when the court by its judgment corrected the deed the legal estate became vested in the defendant from the time of the execution and delivery of the deed.

The learned counsel for the appellant urges another point as error, viz.: That the court did not make any findings upon his counterclaim for damages for a breach of contract on the part of plaintiff to transfer to her the policy of insurance he held upon the building at the time the same was burned. We have looked into the testimony which bears upon that question, and think it is entirely insufficient to sustain a finding thereon in favor of the defendant. But the counsel for the defendant insists that, if it be admitted that the evidence is insufficient to sustain a finding in favor of the plaintiff, still it was error for the court not to make a finding on the question. The exceptions of the defendant are not sufficient to raise that question in this court. The record does not show that he called the attention of the court to the matter, or that he asked the court to make a finding on that point. All he did was to except to the findings because there was no finding on that question. These exceptions are not made in court, and probably never

came to the knowledge of the court until he was asked to sign the bill of exceptions in the case. The rule was established in this court in *Wilkinson v. Wilkinson*, 59 Wis. 557, 560; *Barry v. Schmidt*, 57 Wis. 172; *Wrigglesworth v. Wrigglesworth*, 45 Wis. 255–257; *Mead v. Chippewa Co.* 41 Wis. 205; *Williams v. Stevens Point L. Co.* 72 Wis. 487,— that if a party to an action desires any particular finding of fact he must call the attention of the court to the matter of fact upon which he desires a separate finding; otherwise, he cannot avail himself of the neglect of the court to make such finding. This rule is only applicable to a case where the testimony sustains the findings made by the court, and there is not sufficient evidence in the case to require, as a matter of law, a finding different from those found by the court upon some other material matter. In this case, the court having omitted to find for either party on the counterclaim made by the defendant in her answer, and the evidence being of such a character as would have clearly justified the court in finding against such counterclaim, we must infer, from his omission to make a special finding on that point, that he found against the defendant's claim. We think the case was fairly tried, and that the judgment is right.

*By the Court.*— The judgment of the circuit court is affirmed.