Darling and others vs. Neumeister.

DARLING and others, Respondents, vs. NEUMEISTER, imp., Appellant.

*April 13 — May 3, 1898.*

*Mechanic's lien: Homestead: Practice as to findings.*

1. In an action to enforce the mechanic's lien given by sec. 3314. R. S. 1878, upon forty acres of land according to government subdivision, on account of buildings erected on the south part thereof, the defendant cannot claim that, because his dwelling and buildings constituting his homestead are situated on the north part of said forty-acre tract, the court shall carve out a forty acres different from the government subdivision, composed in part of the land on which the buildings are situated, to be subject to the lien.

2. A party who desires a particular finding to be made by the court should call its attention thereto, and if he fails to do so and the findings actually made are correct and no different ones are required by law, he can take no advantage of the neglect of the court to make such finding.

APPEAL from a judgment of the circuit court for La Crosse county • O. B. WYMAN, Circuit Judge. *Affirmed.*

This is an action to foreclose mechanics' liens upon forty acres of land outside of the city limits of the city of La Crosse. The facts were that the defendant *Neumeister* owned the forty acres of land in question in 1894, being the S. W. ¼ of the N W. ¼ of section 15, his dwelling house and barn being in the north part of the forty. He also owned two forties of land immediately south of the forty in question, being the N. W. ¼ of the S. W. ¼ and the S. W. ¼ of the S. W. ¼. In 1894 he built a race track, with the necessary grand stand and stalls for horses, upon these three forties. The principal part of the track and buildings lay upon the N. W. ¼ of the S. W. ¼, or the middle forty, but a part of the track extended over into the S. W. ¼ of the N. W. ¼ (being the forty upon which a lien is claimed in this action), and 133 of the stalls for horses were built upon this last-named forty. These stalls were in a continuous line of sheds, and the line ran

Darling and others vs. Neumeister.

over onto the middle forty, where there were twelve more stalls, making 145 in all, but they were built under a contract for a certain sum for each stall. That part of the race track and stalls which extends over onto the S. W. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$, which is the north forty, covers the south 22.74 acres of said forty. The liens in question here are liens claimed upon the last-named forty for the building of the 133 stalls aforesaid. The defendant's only contention is that he had selected the north 17.26 acres of this forty, with other adjoining lands owned by him, as his homestead, and that the court should have carved out a forty-acre tract of land to be subjected to the liens, including the south 22.74 acres only of the S. W. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$, and should not have subjected the north 17.26 acres to the liens, because it was a part of his homestead, or at least should have ordered the south 22.74 acres to be first sold. No findings to this effect were requested before judgment. The court found the amount of the various lien claims, together with the other necessary findings in lien actions, and found that the stalls were built upon the S. W. $\frac{1}{4}$ of the N. W $\frac{1}{4}$ aforesaid, and rendered the usual judgment of lien upon the whole forty, and the defendant *Neumeister* appealed.

For the appellant there was a brief by *Bleekman, Bloomingdale & Bergh*, and oral argument by *A. E. Bleekman* and *F. H. Bloomingdale*. They argued that the defendant's homestead should have been excepted from the lien. It is not subject to a lien, as here claimed, for materials furnished. S. & B. Ann. Stats. sec. 2983. The statute does not confine liens to government subdivisions.

For the respondents there was a brief by *Higbee & Bunge*, attorneys, and *Losey & Woodward*, of counsel, and oral argument by *E. C. Higbee*.

WINSLOW, J. We discover no ground for reversal in this case. A homestead is distinctly made subject to sale for mechanics' liens thereon by the statute (R. S. 1878, sec. 2983).

A mechanic's lien is given upon forty acres of land upon which the building is built or work done if not within a city or incorporated village. R. S. 1878, sec. 3314. The buildings on account of which these liens were claimed were admitted to have been built upon the identical forty acres upon which the court adjudged a lien. Therefore the judgment seems to be strictly within the statute. The claim for lien must specifically describe the land affected thereby (R. S. 1878, sec. 3320); and it is difficult to see how the plaintiff's right to a lien can be cut down by the court when he has simply claimed a lien upon forty acres of land upon which the buildings are located. Even if the court could, upon equitable considerations, order the north part of the forty containing the defendant's house and barns to be sold last, or exempt it from sale entirely, and carve out another forty acres, not according to government subdivisions, but composed of the south 22.74 acres of the forty in question, and the north 17.26 of the adjoining forty on the south, there are no such considerations in this case. On the contrary, the evidence shows that the middle forty is heavily incumbered with mortgages, which are prior liens, and the probability is that the lien claimants could realize little or nothing from its sale.

Moreover, the defendant never requested findings as to the homestead until after judgment had been signed, and then filed a paper containing exceptions to certain findings and requests to find as to the alleged homestead. These requests seem never to have been brought to the attention of the court. The rule is well settled that, if a particular finding is desired, the party must call the attention of the court to the fact on which he desires a finding; and if he does not, and the findings actually made are correct, and no different findings are required as matter of law, then no advantage can be taken of the neglect of the court. *Wetzler v. Duffy*, 78 Wis. 170.

*By the Court.*— Judgment affirmed.