FINKELSTEIN, Appellant, vs. CHICAGO & NORTH WESTERN RAILWAY COMPANY, Respondent.

*February 5—March 5, 1935.*

434

*Joseph A. Padway* of Milwaukee, for the appellant.

*J. F. Baker* of Milwaukee, for the respondent.

NELSON, J. The facts were stipulated and are therefore not in dispute. On December 17, 1929, at about 10 o'clock in the forenoon, plaintiff's husband, Samuel Finkelstein, was driving his horse, hitched to an open junk wagon, in a south-westerly direction along McGeoch avenue, and across defendant's tracks in the city of West Allis. The horse was being driven at a walk toward the track which carried east-bound traffic. Finkelstein's eyesight and hearing were good. He was struck and instantly killed by the locomotive of an east-bound passenger-train, which was proceeding at a rate of twenty to twenty-five miles an hour. Just prior to his being struck, a long freight-train had passed over the crossing on the west-bound track which was located just south of the east-bound track. The locomotive of the passenger-train passed the caboose of the freight-train at a point located about two hundred feet to the west of the highway crossing. The whistle of the passenger-locomotive was blown for the crossing, and its bell had been continuously rung for about a mile and a half before reaching the crossing. Besides the two main tracks mentioned there were two other tracks

located to the north thereof. In approaching from the northeast, the deceased had to cross a switch track and a lead switch track, the latter being forty-six feet north of the east-bound main track. The deceased was not observed by the fireman of the passenger-locomotive until the former was close to the east-bound track. The angle between the main line track and the west line of the highway was greater than a right angle, so the deceased would have had to turn his head but slightly to observe a train approaching from the west. There was nothing in the weather conditions or anything else to interfere with his vision except some smoke from a switch-engine which was being slowly operated in an easterly direction along the lead track. The switch-engine was four or five hundred feet to the west of the crossing and its smoke was blown across the main track in a southeasterly direction. The crossing was an open one, permitting a view of the east-bound track to the west for a distance of two thousand five hundred and seventy-five feet from a point on the highway located one hundred and fifty feet to the northeast, and for a distance of nearly a mile from a point located twenty-three feet northeast of the east-bound track. The fireman stationed on the left side of the locomotive cab did not observe Finkelstein until the locomotive had passed the switch-engine and through its smoke at a point estimated by him to be fifty to seventy-five feet from the crossing. Deceased was familiar with the crossing, having resided in Milwaukee twenty-two years. At the time of the accident he was proceeding along one of his regular routes. The horse was not unruly or unmanageable. There was nothing in the evidence permitting the inference that the deceased either heard or saw the passenger-train.

The court found that at the time of the accident the defendant operated its train at a negligent rate of speed; that the deceased approached and went onto the crossing in a negligent manner; that such negligence amounted to more

than a slight want of ordinary care and was a proximate cause of the collision and his death. It concluded that the negligence of the deceased barred a recovery by the plaintiff and that the defendant was entitled to a dismissal of the action. Judgment dismissing the complaint upon the merits was entered. Shortly thereafter the plaintiff moved to amend the findings so as to include therein a finding that the defendant's negligence was a proximate cause of the collision. The findings were so amended and judgment was again entered dismissing the complaint upon the merits.

The plaintiff asserts that the court erred in dismissing her complaint, in directing the entry of judgment for the defendant, and in failing to state separately the facts found. Sec. 270.33, Stats.

The plaintiff contends that no evidence was adduced which supports the findings: (1) That the deceased was negligent, and (2) that such negligence amounted to more than a slight want of ordinary care on his part; and that consequently the statutory burden which sec. 192.29 (6) put upon the defendant was not met. In a situation like this, it is presumed that the deceased exercised ordinary care for his safety. That presumption, however, is not conclusive. It is rebuttable and ceases to have force when credible evidence is adduced which permits a contrary inference. It seems clear that the court, sitting as a trier of the facts, was warranted in inferring that the deceased did not look and did not listen before driving upon the tracks; that had he done so, he would have observed or noted the approach of the train in time to avoid injury. We think the court was permitted to draw such inferences even though the fireman did not actually observe the deceased proceeding toward the track until the locomotive on which he was riding had passed through the smoke from the switch-engine. It does not follow as a matter of law or as an undisputable physical fact that the deceased was not in position to observe or hear the

approach of the ‑train.  Nor does it necessarily follow from the testimony of the fireman that he could not have seen the deceased approaching the crossing until the locomotive passed through the switch-engine smoke; true, he did not actually see the deceased's rig until the locomotive had reached a point fifty to seventy-five feet from the crossing.  Nor does it follow that because he did not see the deceased until the locomotive reached that point, the deceased could not have seen or heard the approaching train in ample time to avoid the collision.  We think that the inferences drawn by the court were permissible and that under the established law its findings may not be disturbed.  The holding in *Waitkus v. Chicago & N. W. R. Co.* 204 Wis. 566, 236 N. W. 531, 237 N. W. 259, is again criticized.  We think the law of that case is in accord with the numerous prior decisions of this court.  *Puhr v. Chicago & N. W. R. Co.* 171 Wis. 154, 176 N. W. 767; *Rowart v. Kewaunee, G. B. & W. R. Co.* 175 Wis. 286, 185 N. W. 189; *Bahlert v. Chicago, M. & St. P. R. Co.* 175 Wis. 481, 185 N. W. 515; *Twist v. Minneapolis, St. P. & S. S. M. R. Co.* 178 Wis. 513, 190 N. W. 449; *Sweeo v. Chicago & N. W. R. Co.* 183 Wis. 234, 197 N. W. 805; *Roth v. Chicago, M. & St. P. R. Co.* 185 Wis. 580, 201 N. W. 810; *Van Dunk v. Chicago & N. W. R. Co.* 188 Wis. 476, 206 N. W. 852; *New Amsterdam Cas. Co. v. Chicago & N. W. R. Co.* 190 Wis. 203, 208 N. W. 932; *Rusczck v. Chicago & N. W. R. Co.* 191 Wis. 130, 210 N. W. 361; *Swanson v. Lake Superior T. & T. R. Co.* 200 Wis. 491, 228 N. W. 257; *Paine v. Chicago & N. W. R. Co.* 208 Wis. 423, 243 N. W. 205; *Wheeler T. & S. Co. v. Minneapolis, St. P. & S. S. M. R. Co.* 209 Wis. 156, 244 N. W. 569; *Johnson v. Chicago & N. W. R. Co.* 212 Wis. 578, 250 N. W. 417; and states the law correctly with the exception of certain language quoted from the opinion written by Mr. Justice Holmes in *Baltimore & O. R. R. Co. v. Goodman,* 275 U. S. 66, 48 Sup. Ct. 24, which declares

that it is the duty of a driver of a truck under certain circumstances to stop and get out of his vehicle. That decision has since been limited by the supreme court of the United States. *Pokora v. Wabash R. Co.* 292 U. S. 98, 54 Sup. Ct. 580. The extreme rule mentioned has never been expressly approved by this court.

The assertion that the rule of the *Waitkus Case* has been modified by the law of *Heaney v. Chicago & N. W. R. Co.* 213 Wis. 670, 252 N. W. 173, and *Clark v. Chicago, M., St. P. & P. R. Co.* 214 Wis. 295, 252 N. W. 685, is not well founded. In each of those cases the jury found that the deceased persons had not been guilty of more than a slight want of ordinary care, and those findings were permitted to stand when assailed upon appeal. In the present case the court found that the deceased *was* guilty of more than a slight want of ordinary care which contributed to his death. It is our conclusion that the inferences drawn by the circuit court were permissible and that the findings based thereon may not be disturbed.

The plaintiff further contends that the findings of the trial court with respect to the negligence of the deceased did not comply with the requirements of sec. 270.33. It is our opinion that the plaintiff may not now complain even if the court failed to find or state the facts separately. The plaintiff moved for more specific findings with respect to the negligence of the defendant. The court promptly complied with her suggestion and made and filed new findings in response to that motion. Had the plaintiff desired more specific findings as to the negligence of the deceased, she should have requested the court to make them. It has been held that if a more specific finding upon a particular point is not requested, its omission is not error. *Wilkinson v. Wilkinson,* 59 Wis. 557, 18 N. W. 527; *Wrigglesworth v. Wrigglesworth,* 45 Wis. 255; *Barry v. Schmidt,* 57 Wis. 172, 15 N. W. 24; *Williams v. Stevens Point Lumber Co.* 72 Wis.

487, 40 N. W. 154; *Darling v. Neumeister,* 99 Wis. 426, 75 N. W. 175. It is doubted whether findings of fact are strictly necessary where all of the facts are stipulated. *Catlin & Powell Co. v. Schuppert,* 130 Wis. 642, 110 N. W. 818. The facts which the trial judge should find are usually ultimate facts only and not evidentiary facts. *Cointe v. Congregation of St. John the Baptist,* 154 Wis. 405, 143 N. W. 180; *Laney v. Ricardo,* 169 Wis. 267, 172 N. W. 141.

No request was made by the plaintiff's attorney that the court find such ultimate facts as are ordinarily covered by a special verdict. Notwithstanding the failure of the plaintiff to make such request, the findings of the court cover all of the issues that would have been submitted on a special verdict had the case been tried to a jury. We are of the opinion that the plaintiff, under all of the circumstances, has no just ground for complaint.

*By the Court.*—Judgment affirmed.