## LOEB v. PIERPOINT & TUTTLE.

1. **Assignment**: BY ONE PARTNER: WANT OF AUTHORITY. One partner has no authority to execute a general assignment of all the property of the firm to a trustee for the benefit of the firm creditors, without the assent, expressed or implied, of his co-partner, if he can be consulted and is capable of expressing assent or dissent.

2. ———: ———: ———: VOID. In such case the deed of asignment, by reason of the want of authority by one partner alone to execute the same, would be absolutely void.

3. ———: ———: ATTACHING CREDITOR: PRIORITY. If the assignment is void no equity arises, which demands that a creditor should surrender any priority he had secured by an attachment; and the fact that the partner not assenting instituted no proceedings to set aside the assignment, ought not to work prejudice to the rights of such creditor.

*Appeal from Hamilton District Court.*

WEDNESDAY, JUNE 7.

THIS action at law was brought by plaintiff against Pierpoint & Tuttle, and an attachment was issued therein on the ground of non-residence of defendants, which was levied upon certain land. Service was had by publication and judgment rendered for plaintiff. After judgment Chandler intervened by petition, showing that defendants had no interest in the land attached, which had been, before the attachment, conveyed to him. Upon this petition of intervention a trial was had upon the issues involving the intervenor's interest in and title to the lands. No questions except such as pretain to these issues are in the case. The cause upon the intervenor's petition was tried to the court without a jury and a judgment rendered for the intervenor, discharging the attachment levied upon the land. Plaintiff appeals.

*W. J. Covil*, for appellant.

*Chase & Chase*, for appellee.

BECK, J.—I. The evidence shows that defendants, Pierpoint and Tuttle, were partners, doing business. in Illinois, and that prior to the attachment of the land in question, Tuttle executed an assignment of all the property of the firm to intervenor, Chandler, for the benefit of its creditors, the proceeds of the property to be applied *pro rata* to all. The deed of assignment was executed in the name of the firm and also by Tuttle personally, but without Pierpoint's knowledge or assent, and, at the time, he was in the town where the firm transacted business, and where the deed was executed, and where both of the parties lived. It is also shown that Pierpoint, as soon as he was informed of the assignment, objected thereto in a written notice to Tuttle, claiming that the partnership had been dissolved for more than a month prior to the execution of the assignment. Pierpoint also gave Chandler, before he had given bond as assignee, a written notice, objecting and protesting against his acting under the deed. The land in controversy was the property of the firm, the legal title being held for convenience by Tuttle.

II. We are required to determine whether the deed of assignment executed under these circumstances is valid. The controlling action in the case is this: Has a partner power to execute a general assignment of all the property of the firm for the benefit of its creditors without the assent, expressed or implied, of his co-partner, when he may be consulted upon the subject, and is capable of expressing assent or dissent?

1. ASSIGN-MENT: by one partner: want of authority.

It would appear upon principle that such power is not possessed by a partner. Under its exercise the business of the firm may be and, under almost all circumstances, would be destroyed, and the partnership itself practically dissolved as to future business. It is true that, theoretically, the assignment is for the purpose of effecting the payment of firm debts, and that the law allows one partner to use the property of the firm to discharge the indebtedness. But this rule of law is applicable to transactions occurring in the ordinary

business of the firm and does not authorize one partner upon the exercise of his individual discretion to terminate the business of the co-partnership. In a matter of such great importance to each partner, both ought to be consulted and be permitted to determine whether the condition of their affairs requires them to transfer all their property and abandon their business.

We think the American cases are almost unamious in holding that one partner has not the authority to execute an assignment of the property of the firm, unless his co-partner be absent so that he cannot be consulted, or is incapable, from some cause, of expressing either assent or dissent. We will not here present the cases upon this subject. They are collected and most ably discussed in Burrill on Assignments, pp. 43–65; 1 Am. Leading Cases, pp. 442–462; Collyer on Partnership, § 395, and notes; and Story on Partnership, § 101, and notes.

A case decided by Chief Justice Marshall, at *nisi prius*, *Anderson and Wilkins v. Tompkins et al.*, 1 Brockenborough, 456, is the leading case cited, as being in conflict with the conclusions we announced. But it appears that this decision sustaining the assignment by one partner without the assent of the other, is not wholly based upon the power of the partner to make the deed, but is partly supported upon the necessity of the case, the partner not joining in the deed being absent on a voyage to Europe. The Cheif Justice, in the course of his opinion uses this language in reference to the execution of the deed without the assent of the absent partner: "It is true [he] had a right to be consulted. Had he been present he ought to have been consulted. The act ought to have been, and probably would have been, a joint act. But [he] was not present. He had left the country and could not be consulted. *He had, by leaving the country, confided every thing which respected their joint business to Tompkins [the other partner] who was under the necessity of acting alone.*"

The learned annotators, Hare and Wallace, in 1 Am. Lead-ing Cases, p. 441, make the following statement as to decis-ions upon this point; "Thus far there is no American case which says that one partner, when the other members are present, may, without their consent, make a general assign-ment of the firm effects, to a trustee for the benefit of credi-tors."

III.   It is said that the assignment, though not authorized by the non-concurring partner, is not void and, at most, is but voidable; and as, in this case, no steps were taken to set aside the assignment it must stand. But this position is clearly unsound.   The deed is absolutly void. · For the very obvious reason that it was made without authority.   The deed can have no effect whatever, if there was a want of authority to execute it by the single part-ner.   All instruments executed in the absence of authority are void.   Want of authority in such a case strikes at the very life of the instrument.   It is in fact not the deed of the party it purports to bind.   The position, we think, demands no further attention.

IV.   It is also said that plaintiff, who is a creditor of the firm, has no ground of complaint, for he will re-ceive his equitable portion of the assets of the company.   But if the deed be void no equity arises which demands of him to surrender the priority he has secured by his attachment for the benefit of other creditors. The fact that a fair and equitable distribution of the pro-ceeds of the property will be made, is no argument to estab-lish the validity of the deed.   We cannot hold a void in-strument to be valid on the ground that equity will be done by such a decision.

V.   It is said, too, that Pierpoint, the partner not joining in the deed, is the party who alone can object to it, and that plaintiffs have no ground to complain.

It seems to us that plaintiff, in that an attempt is made to defeat the priority secured by his attachment by setting up

the assignment, is entitled to resist it in order to secure his rights under the attachment. The fact that Pierpoint instituted no proceedings to set aside the assignment ought not to work prejudice to plaintiff's rights.

It is our opinion that the judgment of the District Court ought to be

REVERSED.