HUNTER v. WAYNICK ET AL., DEFENDANTS, AND CHAPIN & MERRITT, INTERVENORS.

1. **Partnership:** POWER TO SELL FIRM PROPERTY. One partner does does not have the power to sell the entire property of the firm without the knowledge and consent of his partner, who, though absent, might easily be consulted by mail or telegraph, and a sale so made will be set aside in equity where the purchaser knew the facts at the time of purchasing.

*Appeal from Shelby Circuit Court.*

SATURDAY, DECEMBER 12.

ACTION IN EQUITY. Decree for the plaintiff and intervenors. The defendant Kestler appeals.

*Wicks & Burke*, for appellant.

*D. O. Stuart* and *Macy & Gammon*, for plaintiff.

*Lehman & Park*, for intervenors.

SEEVERS, J.—The plaintiff and defendant Waynick were partners, engaged in the retail grocery business at Harlan. The plaintiff resided at Corning, and was occasionally at Harlan, and had some personal knowledge of the business. On the second day of February, 1884, the defendant Waynick sold the goods, wares and merchandise, and all partnership property, to the appellant, Kestler, for the sum of $3,000. This sale was made without the knowledge or consent of the plaintiff, and he and the partnership creditors ask that it be set aside on the ground that it was fraudulent, and because the defendant Waynick did not have power and authority to make it. There is some evidence which has a tendency to establish the fraudulent character of the sale, but we shall not refer more particularly thereto, for the reason that we are of the opinion that the sale must be set aside upon the other ground.

It is said there is some conflict of authority as to the power of one partner, without the knowledge or consent of his copartner, to sell or assign all the partnership property. Conceding this to be so, such question must be regarded as settled in this state. It was held in *Loeb v. Pierpoint*, 58 Iowa, 469, that one partner did not have such power, where his copartner resided in the same town and could have been readily consulted. The difference between that case and this is that in the present case the plaintiff resided about seventy-five miles distant from Harlan, where the sale was made. But there was a daily mail by railroad between the two places, and also a telegraph line. There was no reason for making the sale at the time it was made, except a simple desire on the part of the resident partner to do so. There

is no evidence tending to show that a few hours' or days' delay would have been detrimental to the interest of one or both of the partners. For all practical business purposes, except some urgent necessity, the plaintiff could readily have been consulted before such an important step as a sale of the whole partnership property was taken. The means of consulting were as convenient as those in the case above cited. The sale was concluded about eleven o'clock, and the plaintiff was informed of it that evening, and the next day he was in Harlan protesting against it. Practically the plaintiff was present when the sale was made, and yet he was not consulted. The appellant had knowledge of the partnership, the residence of the plaintiff, and that he was not consulted.

AFFIRMED.