96　659
109　694

R. L. McDonald & Company v. J. P. Creager, Defendant, and A. J. Crittenden, Garnishee, Appellant.

**Garnishment.** An order was entered in a garnishment proceeding that garnishee should collect securities belonging to the debtor and held by the garnishee, and that he should be allowed his necessary expenses in realizing upon the securities. *Held:*

1　a.　On his failure to account, further orders in the premises may be made by the court in supplemental proceedings. Those proceedings are not independent ones brought against him personally, and need not be tried on written evidence.

2　b.　The garnishee is responsible for all the proceeds though the wrong of others deprives him of part of the sum realized.

3　c.　He is authorized to pay attorney's fees and proper expenses provided they be reasonable.

4　d.　He can in no event be required to pay into court more than will satisfy the garnishment plaintiff's claim.

*Appeal from Harrison District Court.*—Hon. A. Van Wagenen, Judge.

Thursday, January 23, 1896.

On the first day of August, 1893, the plaintiffs filed an application for an order to require the garnishee to account for moneys received. Said application shows that on the twenty-sixth day of August, 1894, the plaintiffs recovered a judgment in this case against the defendant, Creager, for four hundred and thirty-one dollars and fifty-five cents and costs; that A. J. Crittenden was duly attached as garnishee, and that on the thirteenth day of September, 1884, the issue joined upon his answer was submitted, by agreement, upon the evidence introduced upon the trial of the case of *Bank v. Crittenden*, see 66 Iowa, 273 (23 N. W. Rep. 646); that upon the hearing the court

found that the garnishee is entitled to hold the property, rights, and effects mentioned in the instrument in controversy, and the proceeds thereof, for the payment of the following claims against J. P. Creager," enumerating six claims, aggregating two thousand six hundred and fourteen dollars and ten cents, "and the necessary expenses of said Crittenden in realizing upon the property, rights, and credits mentioned in said instrument, as allowed and approved by the court. It was further found that the plaintiffs were entitled to be paid the amount of said judgment against Creager out of any surplus that might be in the garnishee's hands after satisfying said claims and expenses, and ordered that upon realizing the same he pay said surplus to the clerk of the court. Plaintiffs allege, in this application, that the garnishee has collected from said notes, accounts, and policies of insurance the sum of seven thousand three hundred and forty-nine dollars and sixty-six cents, and that he has refused and neglected to render an account of all his expenses; and ask that he be required to render an account of all moneys received out of said property and of the necessary expense incurred, and that he be required to pay to the clerk of the court the residue remaining in his hands. On August 14, 1893, the parties appeared, whereupon the garnishee objected to trying this as an action at law, and moved to try the case on written testimony, under the rules of equity practice, which motion was overruled. Thereupon the garnishee filed his answer to this application, showing that he had received from said notes, accounts, and policies of insurance three thousand three hundred and thirty-five dollars and thirty cents, and that he had paid out, upon the claims secured by the assignment of said property, and as expenses, including five hundred dollars compensation to himself, the sum of three thousand four hundred and

sixty-five dollars and seventy cents, being one hundred and thirty dollars and forty cents in excess of the amount received. Wherefore he asks to be discharged. The case was submitted to the court, and the court, after finding the prior proceedings had in this case, found that the garnishee, Crittenden, had collected seven thousand five hundred and twenty-nine dollars and forty-one cents on said notes, accounts, and policies; that he "should be allowed three hundred dollars for his personal expenses; that the statutory fee should be allowed upon each of the above-mentioned collections, in addition to the one hundred and fifty dollars paid by Crittenden to Attorney S. I. King." The court further found that, after paying each of said claims, and the expenses, including attorney's fees, there was in the hands of the garnishee, "on June 17, 1892, and now in his hands, the sum of $4,015." It was ordered that the garnishee "immediately pay to the clerk of the Harrison county district court said sum of $4,015," and that plaintiffs have judgment against him for the costs of this proceeding, to all of which the garnishee, Crittenden, duly excepted, and from which he appeals.—*Reversed.*

*S. H. Cochran* and *Wright & Baldwin* for appellant.

*Roadifer & Arthur* and *S. I. King* for appellees.

Given, J.—I. Appellant, at the outset of this argument, inquires, "What right or authority have the plaintiffs to maintain this action at all?" and then proceeds to cite authorities to show that a garnishee is not a trustee for the parties to the action, and

insists that this is an independent proceeding, against him personally, and not as garnishee. At the time of the prior hearing under the garnishment proceedings, it was not possible to then determine what amount appellant might realize from the securities in his hands, nor the amount that he might be required to pay as expenses and in satisfaction of the claims entitled to priority. The instrument mentioned in that order was a written assignment to plaintiff of certain notes and the books of account of Creager and five policies of insurance, covering a loss by fire which had occurred, and all of which remained to be collected. Recovery was had upon these policies at the end of protracted and somewhat expensive litigation, continuing over considerable time. The order is that appellant pay the surplus, if any, when realized, to the clerk of the court, to be applied in payment of plaintiff's judgment; and the complaint is that he refuses to pay the surplus which is alleged to be in his hands. As we view it, this is but another, and, by reason of appellant's failure, a necessary step in enforcing the rights of the parties under the garnishment. It is not an independent proceeding against appellant personally, but against him as garnishee, and his rights and liabilities are limited to those of a garnishee. The district court had jurisdiction to try these issues as it did, and therefore, properly overruled appellant's motion to try them upon written evidence.

II. Appellant's next contention is that the court erred "in charging him with money and property never actually in his possession." The facts upon which this contention rests are these: At the time appellant was garnished in this action he held certain notes, books of account, and five policies of insurance, covering a loss by fire that had occurred, by assignment from Mr. Creager. These he held as

security for the payment of six claims against Creager, aggregating two thousand six hundred and fourteen dollars and ten cents, including a claim of the firm of Smith & Crittenden, of which appellant was a member, for one thousand seven hundred and fifty-six dollars and thirty-seven cents. Appellant employed the firm of Wright, Baldwin & Haldane, of Council Bluffs, and S. I. King, of Logan, as his attorneys in matters arising under said assignment to him. The insurance companies refusing payment, suits were brought upon the policies, and after protracted and stubborn litigation seven thousand three hundred and nineteen dollars and sixty-two cents were recovered thereon. Of this amount Wright, Baldwin & Haldane received four thousand one hundred and eighty-four dollars and thirty-two cents, and appellant three thousand one hundred and thirty-five dollars and thirty cents, and two hundred dollars from notes and accounts. In 1892, appellant called upon Wright, Baldwin & Haldane for a settlement, whereupon they claimed to be entitled to all the money in their hands as compensation for their services. After the commencement of this proceeding, appellant again called upon said firm for a settlement, when they made the same claim, but paid to appellant five hundred dollars on account of the moneys received by them. Appellant testifies that said firm was employed under an agreement that "they were not to have any fees unless they collected enough to pay my claim, which amounted to two thousand five hundred and eighty-eight dollars and ten cents. If they did collect more, they were to have a good, reasonable fee for their work." A. W. Askwith testifies that the contract was that appellant was to get his claim of two thousand five hundred and eighty-eight dollars and ten cents and all of his expenses, "and that, of the whole amount collected, Wright, Baldwin & Haldane were to receive

one-half, together with their cash expenses, and if they were not successful they were to receive nothing. They were to receive nothing until Mr. Crittenden first got his claim and all his personal expenses, and then all over that they were to get as stated." Under the order of the court, made September 13, 1884, appellant might contract for the payment of necessary expenses, but he could not bind the fund by contracting for other or greater expenses. It is true that, by the garnishment of appellant, and said order of court, the plaintiffs did not acquire a lien upon the securities in appellant's hands; but they certainly did acquire such an interest therein as entitles them to an accounting as to all of said securities. We think appellant might be properly held to account for the entire proceeds arising from said securities; and if, in the process of collection, a part of the proceeds has gone into the hands of others, who wrongfully detain the same, it is for the appellant, and not these plaintiffs, to proceed to recover the proceeds so wrongfully detained. By the garnishment and order of the court plaintiffs acquired an interest in the securities, all of which were then in the hands of the appellant, and it is for those securities that the appellant must account. We think, notwithstanding the claim of Wright, Baldwin & Haldane, there was no error in holding appellant to account for the entire proceeds collected, namely, seven thousand five hundred and nineteen dollars and sixty-two cents.

III. Under said order of September 13, 1884, appellant is entitled to be credited with the amounts paid on the six claims for which the securities were pledged and with his necessary expenses. He testifies: "I have paid out, in costs and expenses, incurred in the different suits against the insurance companies, the sum of $377.60." Also, that the reasonable value of his time spent in attending to the litigation was

five hundred dollars. In these statements he stands uncontradicted. Yet the court found that he "should be allowed $300 for his personal expenses." We think there is no warrant in the evidence for disallowing the three hundred and seventy-seven dollars and sixty cents paid out as costs. It is evident that appellant spent considerable time in attending to the litigation, but we are not prepared to say that the court erred in reducing his credit on that account to three hundred dollars. The court also allowed appellant credit for one hundred and fifty dollars paid to S. I. King as attorney's fees, about which there is no contention. The real contention is as to the finding of the court "that the statutory attorney's fee should be allowed upon each of the above-mentioned collections, in addition to the $150" paid to Mr. King. We will not attempt to state in detail the extent of the services rendered by Wright, Baldwin & Haldane. It is sufficient to say that the actions upon the policies were vigorously contested in the several courts, state and federal, in which they were pending, and that appellant was garnished in several cases, other than this, that required the attention of his attorneys in this and in the lower courts. Mr. Askwith, who was in the way to know, testifies that Wright, Baldwin & Haldane paid out between four hundred dollars and five hundred dollars in cash for traveling and other necessary expenses in connection with this subject, and the facts concerning the litigation go far to support this statement. "The statutory attorney's fee" allowed by the court amounts to two hundred and seventy-five dollars, an allowance which, in our judgment, is not warranted by the evidence. It is true there is but little evidence upon the subject, but enough, we think, to show that appellant was clearly entitled to a greater credit on his account than two hundred and seventy-five dollars. Mr. Askwith, who

knew the services, testified that he thought the services were worth what the contract called for. He also stated that the customary price for contingent fees in damage suits is fifty per cent. of the amount recovered and all cash expenses. According to appellant's statement of the contract, this firm "were to have a good, reasonable fee for their work," subject, however, to the payment of his claim. This was such a contract as he might make under the order of the court. Askwith's statement of the contract is a little confused, but we understand from it that said attorneys were to receive one-half of what was left after paying appellant two thousand five hundred and eighty-eight dollars and ten cents and his expenses, and other cash expenses, and that, if nothing was recovered, they were to receive nothing. We are not prepared to say that this contract was not authorized under the order of the court, made September, 13, 1884, as the attorney's fee was a necessary expense, and, under all the circumstances, the amount thus agreed upon was reasonable. This view of the case would entitle the appellant to a credit on account of the attorney's fee of Wright, Baldwin & Haldane, of at least two thousand and fifty-one dollars and ninety-six cents. Add thereto the highest estimate of their cash expenditure, five hundred dollars, and appellant would be entitled to a credit, on account of the fees and expenses of said attorneys, of two thousand five hundred and fifty-one dollars and ninety-six cents. We are not called upon, nor is it necessary, to determine in this case, just what amount Wright, Baldwin & Haldane may be entitled to for fees and expenses; but it is manifest, we think, from what we have said, that they are entitled to more than statutory attorney's fees, and that, therefore, the court erred in finding that appellant was only entitled to credit for statutory attorney's

fees. Charging the appellant with seven thousand five hundred and nineteen dollars and sixty-two cents collected, and crediting him with two thousand five hundred and eighty-eight dollars and ten cents paid on the secured claims, with three hundred and seventy-seven dollars and sixty cents costs and expenses paid, with three hundred dollars for his time and one hundred and fifty dollars paid to Mr. King, and two thousand five hundred and fifty-one dollars and ninety-six cents on account of the fees and expenses of Wright, Baldwin & Haldane, we have a surplus in his hands of one thousand five hundred and fifty-one dollars and ninety-six cents, an amount more than sufficient to pay the plaintiff's judgment. Appellant shows, in his answer, that he received, in person, three thousand three hundred and thirty-five dollars and thirty cents of the collections from the parties named. It does not appear that the five hundred dollars received from his attorneys is included in that amount. This five hundred dollars added shows that he received, in person, three thousand eight hundred and thirty-five dollars and thirty cents. Allowing him three hundred dollars for his time, his expenditures amount to three thousand two hundred and sixty-five dollars and seventy cents. It does not appear, however, that he is credited with the one hundred and fifty dollars paid to Mr. King, which amount added makes his total credits three thousand four hundred and fifteen dollars and seventy cents, thus showing a surplus in his hands of the funds received by him personally of four hundred and thirty-nine dollars and sixty cents. Surely, this amount, at least, should be applied on the plaintiff's judgment.

IV. Appellant complains that the court ordered him "to immediately pay to the clerk of the Harrison

county district court said sum of four thousand and fifteen dollars." This sum is largely in excess of the amount of plaintiffs' judgment, interest, and costs; and we think the court erred in requiring appellant to pay, under this proceeding, more than the amount of plaintiff's judgment. For the errors pointed out the order and judgment of the district court are *reversed*.