C. F. MUNSON, Appellant, v. BYRON MABON, Defendant,
W. C. LEUTH, Intervener, Appellee.

**Commission contract:** RELINQUISHMENT: ESTOPPEL. An agent for
the sale of land who turns the property over to another to
sell with consent of the owner, and thereafter does nothing to
effect a sale, loses his right to a commission, not on the
ground of assignment but because of a waiver of his right to
make the sale; and he is estopped to assert any interest in the
commission resulting from a sale made by the other.

*Appeal from Howard District Court.*— HON. L. E. FEL-
LOWS, Judge.

WEDNESDAY, JULY 3, 1907.

ACTION at law, wherein plaintiff garnished one George
Bachel as a supposed debtor of defendant, Mabon. W. C.
Leuth intervened, claiming that the amount owing was due
him from Bachel, and that the garnishee was not indebted
to Mabon. The trial court found for intervener, and plain-
tiff appeals.— *Affirmed.*

*Converse & Grannis,* for appellant.

*C. C. Upton* and *W. L. Barker,* for appellee.

DEEMER, J.— Plaintiff holds a judgment against de-
fendant, Mabon, and he garnished Bachel as a supposed
debtor of Mabon, on the theory that he (Bachel) was indebted
to Mabon for commissions earned by him in the sale of
certain of defendant, Mabon's, real estate. The intervener
claims that he, and not Bachel, was and is entitled to the
commissions, for that he, and not Bachel, sold the property.
The case was submitted upon the pleadings and an agreed
statement of facts, from which we extract the following as

material to the controversy now before us: Prior to November, 1905, George Bachel, who was the owner of two hundred and eighty acres of land in Howard county, Iowa, placed the same in the hands of Mabon under a written agreement, by the terms whereof Mabon was to sell the land for an agreed price, and was to have two and one-half per cent. commission on selling price, if he negotiated a sale upon the terms named, or upon any other terms which Bachel would accept, or if he directly or indirectly furnished a buyer to whom Bachel might sell or trade the property. Mabon was authorized to enter into a written contract for the sale of the land, and was also to receive any sum he might receive in excess of the price named in the contract. Intervener, Leuth, is a liveryman at Cresco, in Howard county, and on November 16, 1905, he went to defendant Mabon's office, and told him he had some parties coming in a day or two who wanted to buy some land. Mabon told him he was going away from home, and Leuth asked him what he should do in Mabon's absence, and he (Mabon) said to go and show the land, including that belonging to Bachel, and that if he sold it he could have what there was in it. One of the men whom Leuth had in view came and looked at the land in company with Leuth, and, in the presence of Bachel, Leuth said that he had the Mabon land list and had been given the right to sell the farm. Bachel directed him as to how to show the land, and after the parties went back to the town of Cresco, and in a day or two, a sale of the farm was negotiated to one Jones, who was the party to whom Leuth had shown the land. The commission for the sale amounts to $840, and Bachel admits that he owes that amount to some one for the sale of the property, saying that Leuth is the party who sold it. Mabon, in fact, had nothing to do with the sale of the land, and was away from Cresco when the sale was negotiated. In December of the year 1905, both Bachel and Leuth were garnished as debtors of Mabon. Leuth intervened, claiming the commission in virtue of the facts above set forth, and

also pleading that Mabon waived all right to a commission for the sale of the land and is estopped from asserting that he is entitled to any. The land was listed with other agents aside from Mabon — in other words, he did not have an exclusive agency — and Bachel knew of the arrangements between Mabon and Leuth at the time the sale was consummated.

Upon these facts, judgment was rendered for intervener, and in this there was, as we think, no error. Mabon did nothing to entitle him to a commission for a sale of the land. He turned the property over to Leuth, agreeing that he (Leuth) should have the commission to which he (Mabon) would have been entitled had he made the sale. Bachel knew of this arrangement, and assented to the same before the sale was made; and, by reason of accepting the benefits resulting from intervener's act, he (Leuth) is entitled to the commission earned. Appellant says, however, that the arrangement that Leuth had with Mabon was simply an assignment or an attempt to assign his (Mabon's) contract, and, not being complete, that his (plaintiff's) rights are superior to those of Leuth's; but this is not true. Intervener claims nothing by assignment. His position is that Mabon waived any rights he had to sell the land or farm of Leuth, and that he (Leuth), with the knowledge and assent of the owner of the land, found the purchaser for the property, and is entitled to the commission agreed upon. *Seymour v. Aultman,* 109 Iowa, 297, and *Mills v. Miller,* 109 Iowa, 688, relied upon by appellant, are not in point. There never was any thought of any assignment of any right held by Mabon, and Mabon never had any right to the commissions earned. As to him, there is a clear waiver and estoppel as to intervener Leuth, and as plaintiff by his garnishment acquired no greater rights than his debtor Mahon had, he also is estopped by the waiver and conduct pleaded and relied upon. Bachel stands indifferent as between the parties, although he said in his answer that

Leuth sold the land. Intervener does not claim, nor has he, an assignment from Mabon. It is simply a case of substitution of parties with the consent of all interested in the transaction, and the commission is owing Leuth, and no one else. Even were Leuth treated as a subagent for the sale of the land, Bachel's knowledge of such appointment and his conduct thereafter would make him responsible to Leuth. Mechem on Agency, sections 690, 693, and cases cited.

The gist of appellant's contention is that, while Mabon is indebted to Leuth for what he (Leuth) did in the sale of the land, plaintiff, by reason of his garnishment, is prior in point of time and right to the commission. The difficulty with this is that, under the facts disclosed, Bachel was never at any time indebted to Mabon, for he (Mabon) had nothing to do with the sale of the land, and had expressly waived all rights to commissions for anything that Leuth might do while he (Mabon) was " out of town." Under no circumstances could Mabon have recovered a commission from Bachel. As between Mabon and Leuth, he (Mabon) was clearly estopped, and this estoppel is binding upon the plaintiff in garnishment, who had no other or greater rights than Mabon would have had against Bachel. The law upon these propositions is not doubtful, and we do not need to fortify them by the citation of authority.

The judgment is right, and it is *affirmed.*