ALLEN v. ROACH.   (No. 9659.)

(Court of Civil Appeals of Texas. Dallas. Oct. 16, 1926. Rehearing Denied Nov. 13, 1926.)

Brokers ☞74—Agreement between realty agent and subagent, giving subagent half commission received from principal, held not binding on principal having knowledge.

Where agent, employed to sell certain land, secured services of subagent, promising half of commission from principal, there was no contractual relationship between principal and subagent, making principal liable for such commission, since principal, though having knowledge, could not, through assent, bind himself under doctrine of ratification.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Action by J. W. Allen against T. P. Roach. From a judgment for defendant, plaintiff appeals. Affirmed.

W. S. Moore, of Gainesville, and Wood & Wood, of Sherman, for appellant.

Webb & Webb, of Sherman, for appellee.

LOONEY, J.   J. W. Allen sued T. P. Roach to recover a commission on the exchange of land by Roach with L. M. and J. B. Graham. Roach owned nine sections of land in Hartley county, Tex., and the Grahams owned 810 acres in Grayson county, Tex. Roach employed B. T. Ansley, of Amarillo, to obtain a purchaser for or an exchange of property for his lands, and the Grahams employed L. M. Lyle, of Gainesville, Tex., to obtain a purchaser or an exchange of properties for their lands. Ansley employed Allen to assist him in handling the Roach lands, agreeing to pay him a share (one-half) of the commission, $3,000, to be paid by Roach, and Allen had a similar agreement with Lyle to share the commission to be paid by the Grahams. In executing his employment, Allen was active in bringing Roach and the Grahams together; in fact, was the procuring cause of the exchange subsequently consummated. Appellant demanded of both Ansley and Roach payment of half of the agreed commission, to wit, $1,500, and on their refusal this suit was filed against Roach for its recovery.

The jury, in answer to special issues, found that Roach did not agree or obligate himself to pay Allen a commission on the consummation of the transaction; that Ansley employed him and agreed to pay for his services a share of the commission to be paid by Roach; and that Roach knew of and assented to the agreement between Ansley and Allen. As these findings are sustained by the evidence, we adopt them as our conclusions on the issues comprehended therein.

Appellant contends that as his employment by Ansley was with the knowledge and assent of Roach, and as he produced the parties with whom the exchange was made, Roach became directly liable to pay him half the commission, as under an original employment. The finding of the jury to the effect that no contractual relation existed between the parties obligating Roach to pay Allen any part of the commission resolved the facts against appellant and authorized, in truth compelled, the rendition of the judgment in favor of Roach. That Roach knew of and assented to the employment of Allen by Ansley was, under the facts of this case, without legal significance. Ansley had the right to adopt all legitimate means, including the employment of assistants, to procure a sale or exchange of Roach's lands, and Roach could not, with reason, object. Having no right to object, he could with approval and assent witness the efforts put forth by Allen to assist Ansley in procuring a trade without thereby rendering himself liable to Allen for the payment of a commission.

It is not contended that Roach authorized Ansley to employ Allen, nor can it be contended that in employing Allen, Ansley assumed to contract for Roach. It follows, therefore, that Roach's knowledge and assent to this employment would not be sufficient to bind him under the doctrine of ratification, for the simple reason there was nothing to ratify (9 C. J. § 61, p. 560).

The law of this case in our opinion is concretely stated in 4 R. C. L. § 69, p. 335, as follows:

" * * * While a subagent may be entitled to remuneration from the broker who employed him, his right to look to their common principal for commissions is dependent upon whether or not the broker had the required authority to bind his principal. If such authority existed, the principal is liable, otherwise, not unless he subsequently ratifies the unwarranted action of the broker. As between the principal and the broker, it is generally considered immaterial that the purchaser of the real estate was secured through the efforts of a subagent rather than by the personal efforts of the broker himself."

To the same effect, see 2 C. J. § 346, pp. 687, 688; Tynan v. Dullnig (Tex. Civ. App.) 25 S. W. 465; Williams v. Moore, 24 Tex. Civ. App. 402, 58 S. W. 953, 956; Mueller v. Bell (Tex. Civ. App.) 117 S. W. 993, 995.

Appellant's assignments and propositions are overruled, and the judgment of the court below affirmed.

Affirmed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes