**ALLEN v. ROACH.   (No. 774–4754.)**

(Commission of Appeals of Texas, Section B. March 23, 1927.)

**I. Assignments ⊙⇒58—Owner knowing his broker agreed to share commissions with subagent, and assenting thereto, held directly liable to subagent for share of commissions.**

Owner, knowing that broker employed to sell land, secured services of subagent, promising half commission from owner and assenting thereto, *held* directly liable to subagent for his share of commissions.

**2. Principal and agent ⊙⇒171 (8)—Owner, by accepting benefit of subagent's work held to have ratified employment of subagent.**

Owner, knowing that broker agreed to share commissions with subagent, and assenting to employment by accepting benefit of subagent's work, *held* to have ratified employment of subagent.

**3. Appeal and error ⊙⇒1175 (5)—Where evidence as to amount due plaintiff was conflicting, Supreme Court could not render judgment.**

Where evidence as to amount due subagent in sale of land under employment by owner through his broker was conflicting, the Supreme Court could not render judgment, but must remand.

**4. Brokers ⊙⇒32—Agent cannot act for both buyer and seller, unless fact is known to both parties and agreeable to them.**

Agent cannot act for both buyer and seller, unless his acting at the time was known to both parties and agreeable to them.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by J. W. Allen against T. P. Roach. Judgment for defendant was affirmed by the Court of Civil Appeals (287 S. W. 1109), and plaintiff brings error. Judgments reversed, and cause remanded for new trial.

Wood & Wood, of Sherman, for plaintiff in error.

Webb & Webb, of Sherman, for defendant in error.

POWELL, P. J. For a statement of the nature and result of this case, we quote as follows from the opinion of the Court of Civil Appeals:

"J. W. Allen sued T. P. Roach to recover a commission on the exchange of land by Roach with L. M. and J. B. Graham.

"Roach owned nine sections of land in Hartley county, Tex., and the Grahams owned 810 acres in Grayson county, Tex.

"Roach employed B. T. Ansley, of Amarillo, to obtain a purchaser for or an exchange of property for his lands, and the Grahams employed L. M. Lyle, of Gainesville, Tex., to obtain a purchaser or an exchange of properties for their lands.

"Ansley employed Allen to assist him in handling the Roach lands, agreeing to pay him a share (one-half) of the commission, $3,000, to be paid by Roach, and Allen had a similar agreement with Lyle to share the commission to be paid by the Grahams.

"In executing his employment, Allen was active in bringing Roach and the Grahams together, in fact was the procuring cause of the exchange subsequently consummated.

"Appellant demanded of both Ansley and Roach payment of half of the agreed commission, to-wit, $1,500, and on their refusal this suit was filed against Roach for its recovery.

"The jury, in answer to special issues, found that Roach did not agree or obligate himself to pay Allen a commission on the consummation of the transaction; that Ansley employed him and agreed to pay for his services a share of the commission to be paid by Roach, and that Roach knew of and assented to the agreement between Ansley and Allen.

"As these findings are sustained by the evidence, we adopt them as our conclusions on the issues comprehended therein.

"Appellant contends that, as his employment by Ansley was with the knowledge and assent of Roach, and, as he produced the parties with whom the exchange was made, Roach became directly liable to pay him half the commission, as under an original employment.

"The finding of the jury, to the effect that no contractual relation existed between the parties obligating Roach to pay Allen any part of the commission resolved the facts against ap-

pellant and authorized, in truth compelled, the rendition of the judgment in favor of Roach."

The Court of Civil Appeals affirmed the judgment of the district court, and denied Allen any recovery. See 287 S. W. 1109.

It should be stated that both Ansley and Roach denied any agreement to pay Allen any commission. Roach denied any discussion of such a proposition with Allen, and the jury found with Roach on that proposition, although Allen testified that Roach himself agreed to pay him (Allen) the sum of $1,500 if a certain deal went through.

On the other hand, Allen was sustained by the jury in his testimony that Ansley agreed to share his commission with him. This finding of the jury was in the face of the testimony of Ansley that he thought Allen was to receive his commission from the Grahams and never agreed to share his commission with him.

[1] Under the findings of the jury, as stated and sustained by the Court of Civil Appeals, we think we must sustain the first and second propositions found on pages 4 and 5 of the application, except in so far as the share in the commissions is definitely stated in said propositions as one-half thereof. As we shall later show, the jury did not find that Allen was to receive any definite share of the commission paid to Ansley, and the evidence on this point was conflicting. But we do think that Roach, under the findings of the jury, became liable directly to Allen for some amount of money. The propositions above referred to read as follows:

"(1) Allen having produced for Roach parties with whom Roach was enabled to make an exchange of lands, and Roach knowing that Allen was working as a broker for and in his behalf, in consideration of one-half of the commissions, and Roach assenting thereto became liable directly to Allen for one-half of the commissions.

"(2) When Allen obtained parties with whom Roach was enabled to make an exchange of his lands at the instance of Ansley, with the consent of Roach, with the understanding that Allen should have one-half of the commissions, this agreement operated as an equitable assignment to Allen of one-half of the commissions, for which Roach became directly liable to Allen."

That this was an equitable assignment to Allen of a share in his commissions by Ansley is well settled by the recent decision of this court in an opinion by Judge Speer, in the case of West Realty & Investment Co. v. Hite, 283 S. W. 481. In that case, we held that the subagent could recover directly from the land owner its part of the commissions. In the case at bar, it is true that Roach had already paid over to Ansley the entire commission, whereas in the Hite Case no commissions had been paid to the original agent. But that can make no difference, for the reason that the jury found that Roach knew of this assignment and assented to it. Therefore, when he paid all of the commission to Ansley without first seeing to it that Allen had been paid a satisfactory share thereof, he did so at his peril and has no cause to complain.

[2] That Roach, by assenting to the employment of Allen by Ansley, and by accepting the benefit of Allen's work, ratified the employment of Allen, seems clear to us. Counsel, in the application for writ of error, cite the following authorities in support of this proposition: Munson v. Mabon, 135 Iowa, 335, 112 N. W. 775; Warren Commission & Investment Co. v. Hull Real Estate Co., 120 Mo. App. 432, 96 S. W. 1038; Darling v. Howe, 60 Hun, 578, 14 N. Y. S. 561; Bellinger v. Collins, 117 Iowa, 173, 90 N. W. 609; Edgar v. Caskey, 22 West L. Rep. (Can.) 91, 7 D. L. R. 45; 1 Elliott on Contracts, §§ 458, 459.

[3] Plaintiff in error earnestly insists that we should render judgment for him for $1,500. We cannot make any such recommendation. The jury has found that Roach made no contract with Allen. He had the right to contract with Ansley as he pleased, subject only to his duty to protect Allen in a share of such commission as he (Roach) finally agreed to pay Ansley. The undisputed evidence in this case shows that Ansley himself did not earn the commission of $3,000. If the tentative contract executed in December, 1921, had been consummated, Ansley would have been entitled to the larger commission and Allen to a share thereof. But said contract was not closed. The papers were surrendered and returned to the parties interested. A new contract, with some material differences, was closed later. In closing it, Roach and Ansley agreed that the commission was to be $1,800. There is no jury finding which fixed any lack of authority in Roach and Ansley to make this new contract with reference to a commission involved in a new trade. The agreement to pay the larger commission was dependent upon closing a certain trade, and its closing was admittedly to be optional on the part of Roach. Consequently, Allen, under the jury findings, is entitled to a share of $1,800 only, and not of $3,000. In fact, his alternative prayer is for a half interest in the smaller figure. If the jury had found that Allen's share of the smaller amount was either one-half or one-third, then we could recommend rendition of a final judgment in Allen's favor. But no such finding was made by the jury. And the evidence on this point is conflicting. Allen testified it was to be one-half. But in letters he wrote to Roach he asked for one-third only of the commission, and agreed that Roach had the right to fix the amount of the total commission to both agents. It was not stated in the letters that the offer made as aforesaid was in lieu of a demand for one-half of $3,000 merely in order to avoid litigation. In the face of such conflicting evidence, the Su-

preme Court should not render final judgment for any amount, in our judgment. A serious question of fact is presented which should be decided by the jury or district court upon another trial there. If the jury, upon another trial, makes the same findings which were made in the former trial, they can also find exactly what share in the commissions Allen should recover.

This case must be reversed. Under the jury findings, Allen is entitled to a recovery of some amount. But we think justice would be better subserved by remanding the case to the district court for another trial where the amount of the recovery can be determined by those who have jurisdiction of fact issues. This record presents no undisputed facts which would justify the Supreme Court in rendering final judgment.

[4] Since the case is to be remanded for another trial anyway, it may be best to discuss one other point raised by defendant in error. It is found in the third proposition advanced by his counsel:

"An agent cannot act for both the buyer and the seller, unless his so acting is at the time known to both parties and agreeable to each, and, when an agent acting without the assent of his principal accepts a commission from the opposing party, he thereby forfeits all rights to the commission from his principal, and, where an agent undertakes to recover from both buyer and purchaser a commission, the burden is for him to both plead and prove that such double commission was understood and agreed to at the time of the transaction."

We think counsel for plaintiff in error have correctly answered aforesaid proposition in one of their briefs on file here. We quote that answer as follows:

"Appellee's third proposition is, in substance, that an agent cannot act for both buyer and seller, unless his so acting is at the time known to both parties and agreeable to them. It might be inferred from the record that both Roach and the Grahams knew that Allen was representing both parties in getting them together; but that proposition of law does not apply when the agent is clothed with no discretion, but is only authorized to bring the parties together.

"Leake v. Scaief (Tex. Civ. App.) 140 S. W. at page 816, announces the following doctrine: 'It is also a well-established principle that a person may act as an agent of both parties to an exchange of lands, if his duties to each are not such as to require him to do incompatible things. Bass et al. v. Tolbert, 51 Tex. Civ. App. 437, 112 S. W. 1077; Mechem on Agency, § 67. This principle recognizes that there

is a clear and well-defined distinction between an agent to buy or sell, and one acting merely as a middleman to bring the parties together, in order to enable them to make their own contracts. It is clear, we think, from the record in this case that each party intended to view the other's land and to negotiate and make themselves whatever contract that should be made in regard to an exchange of said lands.'

"T. A. Hill & Son v. Patton & Schwartz (Tex. Civ. App.) 160 S. W. at page 1157, announces the same doctrine as follows after stating the contention that it was against public policy for an agent to represent both buyer and seller and receive a commission from both: 'The above principle of law is applicable only to cases of agency in which the agent is clothed with some discretion in the matter of advising or negotiating, in fixing or agreeing to the price, or has the power to bind his principal by contract in reference to the property in question. It is not true that every ordinary real estate broker with whom land is listed for sale occupies the position of trust and confidence, upon whom rests the duty to obtain the highest price obtainable for his principal's land. McLure v. Luke, 154 F. 647, 84 C. C. A. 1, 24 L. R. A. (N. S.) 659; Pollatschek v. Goodwin, 17 Misc. Rep. 587, 40 N. Y. S. 682; Knauss v. Brewing Co., 142 N. Y. 70, 36 N. E. 867; Empire State Ins. Co. v. American Central Ins. Co., 138 N. Y. 446, 34 N. E. 200; Manders v. Craft, 3 Colo. App. 237, 32 P. 836. If the duty of the broker is that of mere middleman to bring the parties together that they may treat with each other and make their own bargain, the position of the broker is in no wise improper or inconsistent. Atkinson v. Pack, 114 N. C. 597, 19 S. E. 628; Cox v. Haun, 127 Ind. 325, 26 N. E. 822; Vinton v. Baldwin, 83 [88] Ind. 104, 45 Am. Rep. 447; Rowe v. Stephens, [Stevens], 53 N. Y. 621; Barry v. Schmidt, 57 Wis. 172, 15 N. W. 24, 46 Am. Rep. 35. There is no dispute here that the employment of appellees by Dr. Dew was simply to receive and submit to him cash offers for his property. They were not vested with any discretion of any nature, and their only duty was to advise the landowner of possible opportunities to sell.'"

For the reasons stated, we recommend that the judgments of the district court and Court of Civil Appeals be reversed, and the cause remanded to the former for another trial not inconsistent with this opinion.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.