Parker, C. J.
Upon this question we have had considerable difficulty. By the common law, the widow is dowable of all the real estate of which her husband was seised during the coverture, with the exception only of a castle erected for public defence, of a common in gross, and some other kinds of estate not known in this country. The question whether forests, parks, and other property of a similar nature, are also exceptions, seems never to have occurred ; probably because there is no instance, in Great Britain, of any such property held separately and distinct from improved and cultivated estates.
In this country, on the contrary, there are many large tracts of uncultivated territory owned by individuals who have no intention of reducing them to a state of improvement, but consider them rather as subjects of speculation and sale, or as a future fund for their posterity, increasing in value with the population and improvement of the country. If dower could be assigned in estates of this nature, the views of those who purchase su°ch property would be obstructed; and an impediment to their transfer would be * created, and in many instances the inheritance would be prejudiced, without any actual advantage to the widow to whom the dower might be assigned. For, according to the principles of the common law, her estate would be forfeited if she were to cut down any of the trees valuable as timber. It would seem, too, that the mere change of the property from wilderness to arable or pasture land, by cutting down the wood and clearing up the land, might be considered as waste ; for the alteration of the property, even if it became thereby more valuable, would subject the estate in dower to forfeiture — the heir having a right to the inheritance in the same character as it was left by the ancestor.
It is not an extravagant supposition that lands actually in a state *155 of nature may, in a country fast increasing in its population, be more valuable than the same land would be with that sort of cultivation which a tenant for life would be likely to bestow upon it; and that the very clearing of the land, for the purpose of getting the greatest crops with the least labor, which is all that could be expected from a tenant, in dower, would be actually, as well as technically, waste of the inheritance.
There would seem, then, to be no reason for allowing dower to the widow in property of this kind. If she did not improve the land, the dower would be wholly useless; if she did improve it, she would be exposed to disputes with the heir, and to the forfeiture of her estate, after having expended her substance upon it.
But this is not all. It is well understood, by the common law, and the principle has been repeatedly settled in this Court, that the dower of the widow is not to be assigned, so as to give her one third of the land in quantity, but .so that she may enjoy one third of the rents and profits, or income, of the estate. Now, of a lot of wild land, not connected with a cultivated, farm, there are no rents and profits. On the contrary, it is an expense to the owner, by reason of the taxes. The rule, therefore, by which dower is to be assigned cannot be applied to such property.
*It is observable also that, at common law, the right of damages for detention is incident to the right of dower; from which it may be inferred that there can be no dower in land, the detention of which can be no injury. Now, the detention of wild land from the widow can form no subject of damages. Our statute has adopted the same principle, and has also expressly prohibited strip or waste by the tenant in dower; and has expressly required that she keep the fences, buildings, &c., in good repair, and shall so leave the same. (11) This is all predicated upon the supposition that the estate of which a widow is dowable, and which may be retained by the heir to her prejudice, has fences and buildings upon it, and is, in fact, in a state of actual cultivation and improvement.
Upon the whole, seeing no possible benefit to the widow from an assignment of dower in such property ; and, on the contrary, believing that it would operate as a clog upon estates designed to be the subject of transfer ; and finding that the principles upon which the estate in dower rests at. common law are not applicable to a case of the kind before us, — we feel constrained to say that the demandant cannot maintain her present action.
This case seems never to have been expressly decided before; and yet there is a prevalent opinion among lawyers against the *156 claim of dower in such property. Possibly the point may have been decided before the publication of the decisions of this Court commenced.
The case of Sargent & Al. vs. Towne, and several decisions of the Court, respecting the manner in which widows shall be endowed, when land has been alienated by the husband, have a bearing towards the decision we have adopted, (a)

 Stat. 1783, c. 40, § 3.

 Webb vs. Townsend, 1 Pick. 21. — Sed vide White vs. Willis, 7 Pick. 143, where dower was allowed in what is vulgarly termed wild lands, connected with a dwelling-house and cultivated lands. The decision in the text goes upon the assumption of what is not true, namely, that a tenant for life can derive no possible benefit from such lands without committing waste. What is waste, in this country, is a question not entirely free from difficulty It may sometimes depend on another question equally unsettled, namely, what are timber trees. The law upon this subject is not uniform in England. And the English law is not strictly applicable here.—Hastings vs. Crunkleton, 3 Yates, 261. — Findlay vs. Smith, 6 Munf. 134.—Jackson vs. Brownson, 7 Johns. R. 237. — Crouch vs. Pur year, 1 Rand. 258.—Jackson vs. Sellick, 8 Johns. 262. — Ballentine vs. Poymer, 2 Hayw. 110. — Parkins vs. Cox, 2 Hayw. 339.— Elliott vs. Smith, 2 N. H. R. 430. — Loomis vs. Wilbur, 35 Mason, 13. — According to these cases last referred to, it is clear that a tenant for life may, to a certain extent, cut wood from waste lands, and derive considerable benefit therefrom, without incurring the charge of committing waste. Furthermore, it is not quite clear that, by subjecting the lands to cultivation, the tenant would in all cases be chargeable with waste. — Governor's, &c., of Harrow School vs. Alderton, 2 B. & P. 87. — Hastings vs. Crunkleton, ubi sup.— Jackson vs. Andrews, 18 Johns. 431. — Loomis vs. Wilbur, ubi sup. — 1 Bingh. 382. — 1 J. & W. 651.