The opinion of the Court was drawn up by
Rice, J.
This is an action of dower. The marriage of the demandant, death of the husband, and seizure of the estate by him during coverture are admitted, as is, also, the fact that a demand for the assignment of dower has been made in due form. The only question presented is, whether the estate in which dower is demanded is, or was at the time of its alienation, of such character as to entitle the demandant to dower therein. The estate demanded, now consists of two parcels, one of which contains about twenty acres, of which ten, or thereabouts, was cultivated or meadow land, at the time the husband of the demandant conveyed the same. In this parcel the demandant is clearly entitled to have her dower assigned.
The other parcel consists of about forty acres of woodland, which, as the evidence shows, was-before and at the *230 time of the conveyance by the demandant’s husband, occupied by him, with other woodland, as a wood lot connected with his homestead, but was open and unenclosed. It also appears that, after this was conveyed, there was an abundance of woodland remaining for the ordinary uses of the homestead.
The R. S., c. 103, § 2, provides that a widow shall not be endowed of wild lands of which her husband died seized; nor of wild lands conveyed by him, though afterwards cleared ; but she shall be in any wood lot or other land used with the farm or dwellinghouse, though not cleared. This has long been the settled law of this State and of Massachusetts. Mosher v. Mosher, 15 Maine, 371; Conner v. Shepherd, 15 Mass., 164; Webb v. Townsend, 1 Pick., 21; White v. Willis, 7 Pick., 143.
The reason for this rule is, that dower being an estate for life only, woodland can be of no practicable value to the tenant in dower, as it cannot be improved nor the wood cut off by her without liability for waste. As to woodland connected with the improved land, a different rule prevails, as in such case she would be entitled to wood necessary for fuel and for repairs of buildings, fences, &c. But, to be entitled to these rights, it must appear that she is dowable in an estate of which the woodland is part, on which there are buildings or fences, &c., to be repaired or supplied with fuel. Fuller v. Wasson, 7 N. H., 341.
It not appearing that the forty acre piece is in any way connected with any improved land in which the demandant is dowable, so as to give her a right to take wood from the same, and it not appearing that there is any necessity that she should have and exercise that right to take wood from this forty acre piece, she. fails in that part of her case. Kuhn v. Kaler, 14 Maine, 409.
Judgment must be for. demandant as per agreement of parties.-
Appleton, C. J., Cutting, Davis and Kent, JJ., concurred.