MARIETTA LEAVITT, Petitioner for Partition,

*vs*.

FRED A. TASKER.

Waldo.      Opinion July 12, 1910.

*Divorce.    Wife's Interest in Land of Husband.    Wild Land.    Dower.    Statute 1895,*
*chapter 157.    Revised Statutes 1840, chapter 95, section 2 ; 1883, chapter 103,*
*section 2 ; 1903, chapter 62, section 9 ; chapter 77, section 1, paragraph 1.*

Under the provisions of Revised Statutes, chapter 62, section 9, providing
that "when a divorce is decreed to the wife for the fault of the husband,
for any cause, except impotence, "she shall be entitled to one-third in
common and undivided of all his real estate, except wild lands, which shall
descend to her as if he were dead," such divorced wife is entitled to one-
third in common and undivided of all the real estate, except wild lands, of
which the husband was seized during coverture, unless she has barred her
right therein.

The expression "wild lands" as used in Revised Statutes, chapter 62, section
9, does not include a wood lot or other land used with the farm or dwelling
house, although not cleared. *Held*, that a wife divorced for the fault of her
husband, to wit desertion, was entitled to one-third, in common and
undivided, of a certain 28 acre wood lot used with the farm.

In the case at bar, *held* that the plaintiff is entitled to one-third in common
and undivided of all the real estate described in her petition, and should
have judgment for partition.

At common law dower applied to all the lands of which the husband was
seized and possessed during coverture, including wild and unimproved
lands, subject to certain exceptions.

On report.    Judgment for partition.

Petition for partition brought in the Supreme Judicial Court,
Waldo County.    The petition is as follows :

"To the Honorable Justice of the Supreme Judicial Court next to
held at Belfast, for the County of Waldo, on the third Tuesday
o.  .il next :—

    spectfully represents Marietta Leavitt, of Dixmont, in the
County of Penobscot, that she is seized in fee simple and as tenant

in common of and in certain real estate situated in Monroe in said County of Waldo, to wit: (Description omitted in this report) ; also a certain parcel of land situated in Jackson, in said County of Waldo, being part of lot No. 93, according to the plan of said town, and bounded as follows : (Description omitted in this report), being the same two parcels of real estate as were conveyed to John F. Tasker by Stephen Tasker by warranty deed dated August 14, 1880, recorded in Waldo Registry of Deeds, Book 221, page 286 ; that your petitioner is the owner of one undivided third part thereof with Fred A. Tasker, of said Monroe, who is seized of two undivided third parts thereof, and that your petitioner desires to hold her said interest in severalty.

"Wherefore she prays that notice to all persons interested, to wit, said Fred A. Tasker, may be ordered, commissioners appointed, and her said interest set out to her to be held in fee and in severalty."

The following plea was filed by the defendant :

"The said Fred A. Tasker, respondent, by way of brief statement says that the partition ought not to be made of the real estate described in said petition as prayed for, because, he says, that the said Marietta Leavitt was not at the date of said petition, the owner of one undivided third part or any other part of the real estate described in said petition, and was not then and is not now a tenant in common or joint tenant in said real estate with this respondent.

"And this respondent further says that he is the owner in fee simple of the whole of said real estate."

At the hearing on the petition, an agreed statement was filed and oral evidence introduced. The agreed statement is as follows :

"John F. Tasker, former husband of the petitioner, was the owner in fee of the real estate described in the petition on the third day of September, 1903, and on that day gave his son, Fred A. Tasker, the defendant, a warranty deed of the same. The petitioner was, on the date of said conveyance, the lawful wife of said John F. Tasker and did not sign the deed and has never conveyed her right to said real estate. On the thirty-first day of October, 1908, a divorce from said John F. Tasker was legally decreed to the petitioner for the cause of desertion."

At the conclusion of the testimony, the case was reported to the Law Court for determination and to render such judgment as the "law and the evidence require."

The case is stated in the opinion.

*Martin & Cook*, for plaintiff.

*Dunton & Morse*, for defendant.

SITTING : EMERY, C. J., WHITEHOUSE, PEABODY, SPEAR, CORNISH, KING, BIRD, JJ.

KING, J.   Proceedings for partition of real estate.   The case is before this court on report.

On September 3, 1903, John F. Tasker, then the husband of the petitioner, conveyed to the defendant, by warrantee deed, the real estate described in the petition.   The plaintiff did not join in that conveyance, and has not since barred her right of dower or interest by descent in the premises.   October 31, 1908, a divorce was decreed to the plaintiff against John F. Tasker for his desertion of her.

As such divorced wife she claims to be the owner in fee of an undivided third of said real estate by virtue of the following provisions of sec. 9, c. 62, R. S.   "When a divorce is decreed to the wife for any other cause" (except impotence) "she shall be entitled to one-third in common and undivided of all of his real estate, except wild lands, which shall descend to her as if he were dead."

The defendant replies, (1) that under that statute the plaintiff is not entitled to any interest in real estate which her husband had conveyed before the divorce, even without her joinder in the conveyance, and (2) that a part of said real estate is "wild land" and therefore expressly excepted from the operation of the statute quoted.

1.   The defendant contends that the words "all his real estate" necessarily limit the provision to real estate which remained the husband's at the time of the divorce.   We think that contention cannot prevail.   The statute should be construed so as to give effect to the legislative intent as disclosed in all its provisions taken together.

Prior to the enactment of chapter 157 of the Laws of 1895 the statutory provision for a divorced wife in her husband's real estate

was as follows: "When a divorce is decreed to the wife for the fault of the husband for any other cause" (except impotence) "she shall have dower in his real estate to be recovered and assigned to her as if he were dead." That provision was construed in *Lewis* v. *Meserve*, 61 Maine, 374, to entitle the divorced wife to dower (then a life estate only) in all dowable real estate of which her husband was seized during coverture, if she had not barred her right therein, the same as if her husband were naturally dead.

By chapter 157 of the Laws of 1895 the right of *widows* in the real estate of their deceased husbands were enlarged from dower to an estate in fee, so that upon the death of a husband there should descend to his widow *in fee* the same share in his real estate that she would otherwise have had, for her life, as dower, and "also including wild lands of which he died seized, but excepting wild lands conveyed by him." By the express terms of that enactment (now par. I, sec. I, c. 77, R. S.) the widow's right extended to "all such real estate of which the deceased was seized during coverture," and in which she had not barred her right.

By the same chapter 157 of the Laws of 1895, the then existing statutory provision for divorced wives in the real estate of their husbands was also changed by amendment to its present form. The change was the substitution for the words, "she shall have dower in his real estate, to be recovered and assigned to her as if he were dead," of the words, "she shall be entitled to one-third, in common and undivided of all of his real estate, except wild lands, which shall descend to her as if he were dead."

If this statutory change had not been made the plaintiff would have been entitled to dower in the dowable real estate described in her petition, notwithstanding her husband's conveyance of it.

What did the legislature intend by that change? Presumably not to lessen the value of a wife's right in her husband's real estate in case he should be so unworthy as to subject her to the necessity of obtaining a decree of divorce against him, but rather to increase the value to her of that right. If the construction contended for by the defendant should be adopted, it would be in the power of the husband, after committing acts of such character as would compel a

self-respecting wife to obtain a divorce from him, to transfer all his real estate and thus deprive her of all interest therein. Such construction is too narrow. To hold such to have been the legislative intent would be to ascribe to the legislature a purpose to deprive an innocent wife, entitled to such divorce, of a valuable right which she then had in her husband's real estate.

Taking all the provisions of chapter 157 of the Laws of 1895 together they disclose clearly, we think, a legislative intent to make the provision for a divorced wife in her husband's real estate, when the divorce is for his fault, similar to the provisions for a widow, so that she will be entitled to the same share in the same real estate, except wild lands, as she would be entitled to "if he were dead."

It follows that the plaintiff is entitled to one-third in common and undivided of so much of the real estate described in her petition as is not "wild lands" within the meaning of that exception as used in the statute.

2.   Two lots of land are described in the petition, one being a homestead farm situated in the town of Monroe and containing one hundred acres, more or less, the other being a wood or lumber lot containing twenty-eight acres situated in the town of Jackson about two miles from the homestead. It is not contended that the homestead farm is "wild lands" within the exception to the statute under which the plaintiff claims. But the defendant urges that the 28 acre wood or lumber lot situated in Jackson is "wild lands" and therefore that the plaintiff is not entitled to any interest in it. The plaintiff replies that the 28 acre lot is a wood lot used with the homestead, and for that reason is not to be regarded as "wild lands" within the meaning of those words as used in the statute. The question thus presented is: Do the words "wild lands," as used in the statute under which the plaintiff claims, include a wood lot or other land used with the farm or dwelling-house? We think not.

At common law dower applied to all the lands of which the husband was seized and possessed during coverture, including wild and unimproved lands, subject to certain exceptions. It was early

held, however, in Massachusetts, while Maine was a part of that State, that a widow was not dowable of wild or unimproved lands. *Connor* v. *Shepherd*, 15 Mass. 164. The reason for the exception is that wild and unimproved lands can yield no rents and profits while in that state, and, as well expressed in the case last cited, "there would seem, then, to be no reason for allowing dower to the widow in property of this kind. If she did not improve the land, the dower would be wholly useless; if she did improve it, she would be exposed to disputes with the heir, and to the forfeiture of her estate, after having expended her substance upon it."

This exception to the common law rule, however, has always been coupled with the express provision that the disallowance of dower in wild or unimproved lands does not apply to such land if used with a farm or dwelling-house. *White* v. *Willis*, 7 Pick. 143; *Stevens* v. *Owen*, 25 Maine, 94. The exception with this modification appears in the Revised Statutes of 1840, chap. 95, sec. 2, in these words: "A widow shall not be endowed of wild lands, of which her husband shall die seized, nor of wild lands conveyed by him, although they should be cleared afterwards; but this shall not bar her right of dower in any wood lot or other land used with the farm or dwelling-house, although such wood lot or other land should have never been cleared." This statutory provision, disallowing dower in wild lands, but subjecting to dower "any wood lot or other land used with the farm or dwelling-house" remained unchanged until the amendment of 1895, whereby dower, as such, was abolished, and instead thereof the widow was given an undivided portion of her husband's real estate in fee, "including a wood lot or other land used with the farm or dwelling-house although not cleared, and also including wild lands of which he dies seized, but excepting wild lands conveyed by him, though afterwards cleared." Chap. 157, sec. 1, Laws 1895, now chap. 77, sec. 1, R. S. Thus it appears that in the early decisions introducing the modification of the common law rule to the effect that a widow should not be endowed of wild lands, and in the subsequent legislative enactments to the same effect, down to and including the amendment of 1895, a wood

lot or other land used with the farm or dwelling-house has been expressly included in the real estate subject to dower, and to the *widow's* right by descent.

It is, therefore, apparent that the expression "wild lands," as used in the decisions and statutes to indicate the kind of real estate not subject to dower, does not include a wood lot or other land when used with the farm or dwelling-house.

We have above expressed the opinion that the legislature did not intend by the amendment of 1895 to diminish but to enlarge the right which the then existing statute provided for a divorced wife in her husband's real estate. Prior to the amendment she was entitled to "dower in his real estate," and dower then extended to "any wood lot or other land used with the farm or dwelling-house, although not cleared." (R. S., 1883, chap. 103, sec. 2.)

Under the amendment she is "entitled to one-third in common and undivided of all his real estate, except wild lands, which shall descend to her as if he were dead." If "wild lands" as used in the exception is to be construed to include a wood lot or other land used with the homestead, then the real estate to which the divorced wife's right applies was lessened by the amendment. Such construction would contravene the manifest legislative purpose, and would be out of harmony with the reasoning of the decisions and the letter and spirit of the statutory provisions that have designated certain real estate as not subject to dower and to the widow's right by descent, with which provisions, we think those enacted in behalf of a divorced wife were undoubtedly intended to be in substantial accord. It is therefore the opinion of the court that the expression "wild lands" as used in sec. 9, chap. 62, R. S., does not include a wood lot or other land used with the farm or dwelling-house although not cleared.

After a careful examination and consideration of the evidence presented in the report it is the opinion of a majority of the court that the 28 acre lot situated in Jackson is a wood lot or other land used with the homestead, and that it is not wild land within the meaning of the exception contained in the statute under which the plaintiff claims.

It follows as the judgment of the court that the plaintiff is entitled to one-third in common and undivided of all the real estate described in her petition.

*Judgment for partition accordingly.*