ALEXANDER McL. GOODSPEED, trustee, *vs.* LOVE F. LAWRENCE.

Barnstable.    December 7, 1910. — March 3, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Dower.    Husband and Wife.    Wild Land.*

Twenty-seven sea shore lots on or near the waters of Vineyard Sound, which belonged to a deceased husband, consisting of land which formerly was part of a pasture used for pasturing cattle during the summer months, and which, except for sale as cottage lots to be occupied during the summer season, have little value and are not productive of much, if any, income, can be set off as dower to the widow of the deceased and can be occupied and improved by her without committing waste, because they are not wild land in which she could not be entitled to dower within the meaning of R. L. c. 132, § 3.

APPEAL by the trustee under the will of Thomas H. Lawrence, late of Falmouth, the petitioner in a petition under R. L. c. 132, § 9, from a decree of the Probate Court for the county of Barnstable confirming the report of commissioners appointed to set off dower in the estate of the testator, by which there was set off to the respondent as his widow, who had waived the provisions of his will, twenty-seven lots of land in that part of Falmouth known as Falmouth Heights, two of the lots being described as on Grand Avenue and the remaining twenty-five lots as on Amherst Avenue, and the value of all the lots being appraised at the sum of $1,100.

The case was heard by *Braley*, J., who found the facts which

are stated in the opinion and ruled as matter of law that the respondent was dowable of the lots set off to her by the commissioners. He ordered that the decree of the Probate Court confirming the report of the commissioners be affirmed, and at the request of the petitioner reported the case for determination by the full court. If the ruling was right, the decree of the Probate Court was to be affirmed; if the ruling was wrong, the decree of the Probate Court was to be modified accordingly.

The case was submitted on briefs.

A. McL. Goodspeed, trustee, pro se.

A. P. Worthen, for the respondent.

LORING, J. The sole question presented in this case is whether twenty-seven lots of land set off to the respondent as dower are wild lands within R. L. c. 132, § 3.

These twenty-seven lots, together with other similar lots of which the deceased died seised, were originally part of a large tract bordering upon or near the waters of Vineyard Sound which had been laid out for a summer resort and for that purpose restricted to dwelling houses, with some other incidental restrictions to make that restriction more effectual. None of his lots had been sold by the deceased during his lifetime. Since his death several have been sold for prices varying from $250 to $400 a lot. It was found by the single justice that "either sum is much in excess of their value for any other purpose than that for which they were designed, namely, the building of houses or cottages at the seashore for summer occupancy." The single justice further found that "Before the lots were laid out the land was part of a pasture which was used for pasturing cattle during the summer months for many years. At the time of the testator's death, and since, they have been unproductive of income and have not been cultivated for general farming purposes. I find, that except for sale as cottage lots, to be occupied during the summer season, they have little value and are not productive of much, if any income, but I am satisfied that the widow could occupy these lands without committing waste, and that they are very valuable for the purposes already described."

The provisions of the statute now contained in R. L. c. 132, § 3, originated in Rev. Sts. c. 60, § 12. They were then enacted, as we are informed by the commissioners (Commissioners' Re-

port, note to c. 60, § 12), "in conformity with these [previous] decisions, and in order to make the statute law complete and clear." These previous decisions established (1) that dower was to be assigned with reference to the annual rents and profits and not by taking one third in quantity of the land of the deceased (*Leonard* v. *Leonard,* 4 Mass. 533); (2) that there was no reason for allowing a widow dower in wild land, by which was intended woodlands, for it was useless unless improved by cutting the timber, and if the widow cut the timber she would forfeit her estate for waste; *Conner* v. *Shepherd,* 15 Mass. 164; but (3) the widow was entitled to have dower in woodland used by the deceased as an appendage to his dwelling house for the purpose of procuring fuel and timber for repairs because a widow has no right to fire bote, etc., without an assignment of dower in the wood lot. *White* v. *Willis,* 7 Pick. 143. *White* v. *Cutler,* 17 Pick. 248.

The finding of the single justice that the widow can occupy the lands here in question without committing waste does not mean, as the appellant contends, that the widow can occupy but cannot improve these lots without committing waste. It is plain that they can be improved without committing waste, and that the single justice so found. It follows that they are not wild land within R. L. c. 132, § 3; and the entry must be

*Decree affirmed.*